306 So.2d 561 (1975)
Melvin Aldridge LAWRENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 74-69.
District Court of Appeal of Florida, Fourth District.
January 24, 1975.
*562 Richard L. Jorandby, Public Defender, and Kenneth J. Scherer and Richard Lubin, Asst. Public Defenders, and Burt Green, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee and Thomas M. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
MAGER, Judge.
Upon a review of the record we are of the opinion that the trial court erred in denying appellant credit on his sentence for time spent in the county jail awaiting sentence even though some of the time was also spent in jail on other charges.
Section 921.161(1), F.S., imposes a mandatory requirement upon a sentencing court to "allow a defendant credit for all of the time he spent in the county jail before sentence". In Miller v. State, 297 So.2d 36 (Fla.App. 1974), the First District held:
"When a defendant is held in jail to answer for multiple charges or cases, the first sentencing judge who sentences him to jail or to the state prison shall give him credit on the sentence or sentences in that case for all time spent in jail between the date of his arrest in that case and the date of such sentence even though the defendant may have also been held to answer for other charges during some or all of such time... ."
In the instant case defendant was arrested on February 1, 1973 and bonded out on February 2, 1973; surrendered on May 1, 1973 and bonded out again on May 13, 1973. Defendant was subsequently arrested on August 8, 1973, on a new criminal charge and remained in jail until the time of his sentencing, January 8, 1974.
Defendant's sentence was predicated upon an ABA Conference conducted in October 1973, where defendant agreed to plead guilty to one count of the first information in return for which the state would nolle pros the remaining counts of the first information and all of the counts contained in the second information.
At the time of sentencing the trial court gave defendant credit for jail time served from February 1, 1973 to February 2, 1973, and from May 1, 1973 to May 13, 1973. No credit was given to the defendant from August 8, 1973 (the date defendant was arrested on the second charge) to the date of sentence on January 8, 1974.
In our opinion the trial judge failed to properly apply sec. 921.161(1), F.S., in accordance with its terms and as interpreted in Miller v. State, supra.[1] The trial judge should have given defendant credit for all of the time spent in jail between the date of his arrest and the date of his sentence even though such time may have related to other charges. However, it is important to point out that a defendant will be given credit only once for the total time spent prior to sentencing; if he is sentenced on another charge by the same or another judge duplicate jail time credit cannot be given. See Miller v. State, supra.
Accordingly, the trial court's order denying additional credit for time served is reversed and the cause remanded to the trial court for the purpose of granting defendant credit for jail time in accordance with his request and the record herein.[2]
Reversed.
OWEN, C.J., and CROSS, J., concur.
NOTES
[1] In fairness to the trial court Miller v. State, supra, a decision of our sister court, was not rendered until June 27, 1974, a date considerably subsequent to the date of sentencing in the instant case.
[2] The fact that no reference or representations were made regarding credit for jail time as it pertained to the nolle pros charge does not demonstrate that the defendant is not entitled to credit; on the contrary, silence on this matter would seem to negate any waiver by the defendant of the credit for jail time mandatorily prescribed in sec. 921.161(1), F.S. Nothing herein is intended to pass upon the proposition of whether such a waiver may be included as part of an ABA Conference although we would see no impediment to a defendant agreeing to waive credit in exchange for a negotiated plea.