326 So.2d 222 (1976)
David Blane DEAVER, Appellant,
v.
STATE of Florida, Appellee.
No. 75-248.
District Court of Appeal of Florida, Second District.
February 4, 1976.
James A. Gardner, Public Defender, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
We have considered the briefs and the record on appeal and have determined that appellant has failed to demonstrate reversible error. An appeal of an order revoking probation may review only proceedings after the order of probation. Sec. 924.06(2) F.S.; Hardrick v. State, Fla. App. 1974, 293 So.2d 135. At any rate, the error complained of was harmless. Williams v. State, Fla. 1975, 316 So.2d 267; Hall v. State, Fla. 1975, 316 So.2d 279.
The trial court erred in failing to give appellant credit for all the time he spent in the county jail before sentence in compliance with § 921.161(1) F.S. The court properly credited appellant in Circuit Court Case No. 73-348 with 89 days spent in jail after his most recent arrest, even though during that time he was held to answer for other charges; Voulo v. Wainwright, Fla. 1974, 290 So.2d 58; Miller v. State, Fla.App. 1st, 1974, 297 So.2d 36; Lawrence v. State, Fla.App.4th, 1975, 306 So.2d 561, but failed to give him credit for 128 days he had spent in jail on the charge prior to the recent arrest. Appellant was entitled to credit for all jail time served before sentence. Sec. 921.161(1) F.S.; Grine v. State, Fla.App.2nd 1974, 301 So.2d 122; Lawrence, supra; Nash v. State, Fla.App.2nd, 1975, 313 So.2d 118. See also State v. Jones, Fla. 1976, 327 So.2d 18.
The judgments appealed are affirmed, but the cause is remanded to the trial court with directions that the court enter a corrective sentence in Circuit Court Case No. 73-348 specifically giving appellant credit for the additional 128 days he spent in jail. Appellant need not be returned to the court for this purpose.
The judgments are affirmed and the cause is remanded with directions.
BOARDMAN and SCHEB, JJ., concur.