344 So.2d 629 (1977)
Geraldine LINGO, Appellant,
v.
STATE of Florida, Appellee.
No. 76-914.
District Court of Appeal of Florida, Second District.
April 13, 1977.
*630 Jack O. Johnson, Public Defender, and Greg A. Johnson, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge:
Appellant was convicted of aggravated battery in violation of Section 784.045(1)(b), Florida Statutes. The appellant was incarcerated for 81 days while awaiting sentencing. The court below held that Section 775.087(2), Florida Statutes, which provides in relevant part that:
Any person who is convicted of ... aggravated battery ... and who had in his possession a "firearm" . . shall be sentenced to a minimum term of imprisonment of three calendar years... .
precluded crediting the time served. We affirm the judgment but reverse on this ground and remand for the resentencing of appellant reflecting a credit for time served.
Section 921.161(1), Florida Statutes provides as follows:
(1) A sentence of imprisonment shall not begin to run before the date is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified time and shall be provided for in the sentence.
Hollingshead v. State, 292 So.2d 617 (Fla.1st DCA 1974) held that "[a]llowance of credit for time served in jail prior to sentencing is now mandatory." See Smith v. State, 310 So.2d 770 (Fla.2d DCA 1975); Grine v. State, 301 So.2d 122 (Fla.2d DCA 1974). Cf., Deaver v. State, 326 So.2d 222 (Fla.2d DCA 1976); Williams v. State, 310 So.2d 53 (Fla.2d DCA 1975).
When read together, Section 921.161 and Section 775.087, Florida Statutes support the conclusion herein.
We have considered the other assignments of error but find they fail to have any merit.
BOARDMAN, C.J., and SCHEB, J., concur.