346 So.2d 629 (1977)
Howard Mitchell BACON, Appellant,
v.
STATE of Florida, Appellee.
No. 76-832.
District Court of Appeal of Florida, Second District.
June 1, 1977.
*630 Jack O. Johnson, Public Defender, Bartow, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
The issue presented by this appeal is whether the trial court erred in refusing to instruct the jury on the consequences of a verdict of not guilty by reason of insanity.
The state's information charged appellant with Count I, shooting into an occupied dwelling; Counts II and III, aggravated assault; and Count IV, resisting arrest with violence. Appellant pled not guilty and not guilty by reason of insanity. He was tried by jury and found guilty as charged on Counts I and II, as well as resisting arrest without violence as a lesser included offense under Count IV. The trial court directed a verdict of acquittal on Count III. Appellant was sentenced to eight years in prison on each of the two felony convictions, but was to be placed on probation during the last five-year period of these sentences. He was sentenced to one year in county jail on the lesser included misdemeanor; all sentences to run concurrently.
Appellant asserted the defense of insanity. He testified he had no independent recollection of the events in question. The defense presented expert testimony from a psychiatrist who opined that appellant did not know right from wrong at the time of the commission of the offenses. The trial court charged the jury on the defense of insanity at the time of the alleged crimes, but did not instruct on the consequences of a verdict of not guilty by reason of insanity.
Appellant's counsel submitted a written request to the trial court for an instruction concerning the consequences of a verdict of not guilty by reason of insanity. The pertinent part of the proposed instruction read:
Should you decide that by reason of insanity he is not guilty, the court advises you that under the law it is still within the power of the court to commit him to a hospital for treatment or to be incarcerated in a penal institution. You should not be swayed, therefore, from the merits of his defense by the fear that he would be freed without restriction of any kind.
The trial judge denied appellant's request. Appellant contends the trial court's refusal to instruct on the consequences of a verdict of not guilty by reason of insanity constituted reversible error. We agree.
The consequences of a jury acquitting a defendant for the cause of insanity are described in Fla.R.Crim.P. 3.460, which states:
When a person tried for an offense shall be acquitted by the jury for the cause of insanity the jury, in giving their verdict of not guilty, shall state that it was given for such cause. If the discharge or going at large of such insane person shall be considered by the court manifestly dangerous to the peace and safety of the people, the court shall order him to be committed to jail or otherwise to be cared for as an insane person and such person shall be held in custody until released by order of the committing court, or may give him into the care of his friends, on their giving satisfactory security for the proper care and protection of such person; otherwise he shall be discharged.
The Supreme Court of Florida in Roberts v. State, 335 So.2d 285 (Fla. 1976), adopted the "Lyles Rule" (Lyles v. U.S., 103 U.S. *631 App.D.C. 22, 254 F.2d 725 [1957]), and held that a trial judge's refusal to give a requested instruction on the effect of a verdict of not guilty by reason of insanity constituted reversible error. See also our opinion in Ringgo v. State, 339 So.2d 293 (Fla.2d DCA 1976). Unfortunately, the trial judge did not have the benefit of these decisions at the time of trial.
The Florida Standard Jury Instruction on this point had been adopted some months before appellant's trial and reads as follows:
I charge you that when a person tried for an offense shall be acquitted by the jury for the cause of insanity, the jury, in giving their verdict of not guilty shall state that it was given for such cause. If the discharge or going at large of the defendant shall be construed by the court to be manifestly dangerous to the peace and safety of the public, the court shall order him to be committed to jail or to a mental institution to be cared for as an insane person and such person shall be held in custody until released by order of committing court, or the court may give him into the care of his family or friends, on their giving satisfactory security for the proper care and protection for such person. Florida Standard Jury Instructions in Criminal Cases, Section 2.16 (2d ed. 1975), adopted by In Re Standard Jury Instructions in Criminal Cases, 327 So.2d 6 (Fla. 1976).
The basis of the Lyles Rule is that while jurors, from common knowledge, understand the effects of a verdict of guilty or not guilty, there is no commonly understood meaning of a verdict of not guilty by reason of insanity. The obvious purpose of the standard jury instruction is, of course, to allow the jury to know that even if it returns a verdict of not guilty by reason of insanity, the trial judge, if he finds the defendant "to be manifestly dangerous to the peace and safety of the public," has the power to commit him to jail or to a mental institution.
Appellant's requested instruction was not artfully drawn. As the state points out, it could have been misleading to the jury in that it did not inform them that confinement, after acquittal by reason of insanity, could result only if the appellant was found to be "manifestly dangerous to the peace and safety of the public." The state does concede, however, that a proper instruction as to the consequences of a verdict of not guilty by reason of insanity would have been appropriate in this case.
The trend has been to require the trial court to assure that a jury is properly charged with the law applicable to the case in criminal proceedings. See, e.g., Brown v. State, 206 So.2d 377 (Fla. 1968); Hand v. State, 199 So.2d 100 (Fla. 1967). Recently, in Wilson v. State, 344 So.2d 1315 (Fla.2d DCA 1977), we held it was error in a prosecution for carrying a concealed firearm for the trial court to refuse to instruct the jury that a defendant must have knowledge of the presence of a firearm, even though the request for an instruction on this point was made orally and did not precisely set forth the applicable law. We found there that the defendant's request clearly suggested to the trial judge the need for such an instruction. Since the point was critical to the defense, we held a proper instruction should have been given by the court.
Likewise, in the instant case the appellant requested an instruction which was vital to his case. The trial court's failure to give an instruction on the effect of a verdict of not guilty by reason of insanity, was, under these circumstances, prejudicial to the appellant's defense and therefore reversible error.
Appellant has also contended that it was error for the trial court not to give him credit for time served awaiting sentence. In view of our holding, it is unnecessary to pass on this point; however, we note that the mandatory minimum sentence provision of Section 775.087, Florida Statutes (1975) for felonies involving a firearm does not preclude allowance of credit for time served prior to imposition of sentence. Lingo v. State, 344 So.2d 629 (Fla.2d DCA 1977).
Accordingly, the judgments and sentences are vacated and the cause remanded *632 for a new trial on Counts I, II, and on the lesser offense for which the appellant was found guilty under Count IV.
BOARDMAN, C.J., and GRIMES, J., concur.