353 So.2d 214 (1977)
James BROWN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 76-1547.
District Court of Appeal of Florida, Second District.
December 28, 1977.
*215 Braxton R. Ezell, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Appellant Brown was charged by information with two counts of aggravated battery, each occurring separate from the other. The information alleged further that a pistol was used in the course of each distinct crime.
Appellant voluntarily entered a guilty plea to each charge. The transcript of the plea and sentencing hearing clearly reflects that the trial judge desired to sentence appellant to concurrent three-year terms, but he interpreted Section 775.087, Florida Statutes (1975) as mandating consecutive sentences. The trial judge also opined that the same statute prohibited appellant from receiving credit for time served. Appellant reserved the right to appeal and argues that Section 775.087, Florida Statutes (1975) does not prohibit either concurrent sentencing or the granting of credit for time previously served. We agree.
Section 775.087(2), Florida Statutes (1975) reads in part, "Any person who is convicted of any ... aggravated battery . . who had in his possession a `firearm' . . shall be sentenced to a minimum term of imprisonment of three years." (emphasis added). Had the legislature intended that one convicted of two or more crimes under this statute must be sentenced consecutively, it seems logical that the statute would have been drafted to read, "Any person who is convicted of each ... aggravated battery ..." Such is not the case with this statute. Use of the word "any" indicates that the sentencing judge is given discretion to sentence a defendant convicted on a multiple count information under the statute to consecutive or concurrent minimum three-year terms. Our interpretation of legislative intent here is supported by the fact that whenever the legislature wishes to require a sentence to be served consecutively, they have affirmatively provided for its imposition. See Section 944.40, Florida Statutes (1975), mandating the sentence of one convicted of escape to run consecutive to any former sentence.
It was error to deny appellant credit for time served. The mandatory minimum sentence provision of Section 775.087, Florida Statutes (1975), does not preclude allowance of credit for time served prior to imposition of sentence. Bacon v. State, 346 So.2d 629 (Fla.2d DCA 1977); Lingo v. State, 344 So.2d 629 (Fla.2d DCA 1977).
Appellant's convictions are affirmed, but we remand this case for resentencing of appellant within the trial judge's discretion consistent with this opinion. Appellant need not be present for this purpose.
HOBSON, Acting C.J., and DANAHY, J., concur.