366 So.2d 1241 (1979)
Billy Lawrence VANN, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-2149.
District Court of Appeal of Florida, Third District.
February 6, 1979.
Bergstresser & DuVal, Miami, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
HAVERFIELD, Chief Judge.
Billy Lawrence Vann, defendant, appeals his convictions and sentences for aggravated assault and attempted murder in the second degree.
In three informations Vann was charged with: aggravated assault (Case No. 76-10394), *1242 attempted murder in the second degree (Case No. 77-860) and carrying a concealed firearm (Case No. 77-2529). Initially he entered pleas of not guilty by reason of insanity to all three charges which arose out of separate incidents. Case No. 76-10394 was tried non-jury and after the prosecution presented a prima facie case and the trial judge rejected his defense of insanity, Vann withdrew his not guilty to all three charges (Cases Nos. 76-10394, 77-860, and 77-2529). When the trial judge informed Vann that the aggravated assault and attempted murder in the second degree charges necessitated mandatory consecutive three-year sentences, Vann moved to withdraw the guilty pleas to these two charges. His motion was denied and Vann was sentenced to consecutive sentences of three years each for aggravated assault and attempted murder and five years probation for carrying a concealed firearm.
Vann first urges as reversible error the rejection of his defense of insanity.
With respect to this issue the record contains the reports of two psychiatrists who opined that Vann did possess the capacity to comprehend the wrongfulness of his actions at the time he committed the acts for which he was charged. We, therefore, conclude that there was sufficient competent evidence to support the determination of the trial judge, sitting as the trier of the facts, that Vann was sane. Cf. French v. State, 266 So.2d 51 (Fla. 3d DCA 1972).
For the next two points on appeal, Vann argues that the trial court erred in (1) refusing to allow him to withdraw his guilty pleas to the charges of attempted second degree murder and aggravated battery; and (2) sentencing him to two consecutive mandatory sentences.
Vann contends that he should have been allowed to withdraw his guilty pleas because he was not aware at the time of the entry of his pleas that the convictions would carry with them a mandatory three-year sentence. The colloquy between Vann's counsel and the trial judge clearly refutes this assertion. In fact, the trial judge stated in open court that "there may be jail time involved" and requested that defense counsel submit a memorandum on the issue of a mandatory sentence.
As concerns the imposition of the three-year consecutive sentences, again we find no error. Vann argues that based upon the holding in Brown v. State, 353 So.2d 214 (Fla. 2d DCA 1977) the imposition of consecutive mandatory sentences was improper. Brown simply holds that when a defendant is convicted on separate counts each of which fall within that category of crimes requiring a mandatory three-year sentence pursuant to Section 775.087(2), Florida Statutes (1975), consecutive sentences are not mandated thereunder. However, neither are such consecutive sentences prohibited. It is within the discretion of the trial judge to impose concurrent or consecutive sentences. Brown, supra, at 215. The consecutive sentences not being improper, this point on appeal must fail.
Nevertheless, the transcript of the sentence hearing does reflect that the trial judge was inclined to sentence Vann to concurrent three-year terms, but was of the opinion that he was prohibited by Section 775.087(2), Florida Statutes (1975). We, therefore, note that upon remand Vann may timely file a motion for reduction of sentence pursuant to Fla.R.Crim.P. 3.800.
We also considered Vann's final point on appeal urging error in the denial of his motion for new trial and conclude that no reversible error has been made to appear.