MILLS, Judge.
Maddox appeals the summary denial of his motion for postconviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. As grounds for the motion, he alleges: 1) the improper denial of his motion to suppress an in-and-out-of-court identification; 2) the improper denial of his motion to compel disclosure of a confidential informant; 3) an abuse of discretion by the trial court in imposing four three-year minimum mandatory sentences, as there was only one criminal episode; and 4) the trial court’s erroneous action in reclassifying his conviction of a first-degree felony (armed robbery) to a life felony, resulting in a sentence of 100 years. We affirm.
With regard to the first two grounds, they were both argued on Maddox’s direct appeal of his conviction, affirmed without opinion in Maddox v. State, 418 So.2d 1284 (Fla. 1st DCA 1982). They cannot properly be raised in a motion for postconviction relief, and summary denial is appropriate. See Alday v. State, 431 So.2d 714 (Fla. 1st DCA 1983).
The trial judge did not abuse his discretion in imposing four consecutive three-year mandatory minimum sentences, pursuant to Section 775.087(2), Florida Statutes (1983). Vann v. State, 366 So.2d 1241 (Fla. 3d DCA 1979), established that
[w]hen a defendant is convicted on separate counts, each of which fall within that category of crimes requiring a mandatory three-year sentence ..., consecutive sentences are not mandated thereunder. However, neither are such sentences prohibited. It is within the discretion of the trial judge to impose concurrent or consecutive sentences.
Id. at 1242 (citation omitted). Maddox was convicted of attempted second-degree murder, armed robbery and two counts of aggravated battery, all of which require the mandatory three-year sentence. Section 775.087(2). Therefore, the trial court was acting within its discretion in imposing consecutive three-year mandatory sentences.
We do not agree that concurrent sentences were mandated because the convictions arose from one criminal transaction. Section 775.021(4), Florida Statutes (1983), states that
[wjhoever in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.... [OJffenses are separate if each offense requires proof of an element that the other does not. (emphasis supplied)
A comparison of the required elements of each offense of which Maddox was convicted reveals that this criteria was satisfied in this case. Therefore, Maddox’s contention that consecutive sentences were improper is without merit.
*178 It does appear that if the trial court reclassified Maddox’s conviction of armed robbery from a first-degree to a life felony, that reclassification was erroneous. Section 775.087(l)(a), Florida Statutes (1981), states that
whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission ... carries, displays, uses, threatens, or attempts to use any weapon or firearm ... the felony for which the person is charged shall be reclassified ... in the case of a felony of the first degree, to a life felony, (emphasis supplied)
Maddox was convicted of armed robbery, a first-degree felony. Section 812.13(2)(a), Florida Statutes (1981). Obviously, “the use of a weapon or firearm is an essential element” of this offense, and reclassification of the offense to a life felony, pursuant to Section 775.087(l)(a), would be inappropriate.
However, there is no indication before us that such a reclassification occurred, except Maddox’s allegation that it did. Even if the allegation is accurate, Maddox could properly have received as severe a sentence had the reclassification not occurred. Section 775.082(3)(b), Florida Statutes (1981), provides that a person convicted of a felony of the first degree may be punished “by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment.” (emphasis supplied) Section 812.13(2)(a) specifically provides that punishment for armed robbery may be “by imprisonment for a term of years not exceeding life imprisonment.” Therefore, Maddox could have received a sentence of 100 years on his armed robbery conviction without improper reclassification of the felony. A sentence of 100 years does not exceed life imprisonment. See Saname v. State, 427 So.2d 1083, 1084 (Fla. 1st DCA 1983). Therefore, error, if it indeed occurred, was harmless and we affirm on this point as well.
We note that in this motion Maddox raised grounds which facially indicated a basis for relief. Therefore, the trial court’s summary denial was inappropriate. In the interest of judicial economy and because only questions of law remain for resolution, we have addressed the motion on its merits rather than remand it to the trial court.
SHIVERS and WENTWORTH, JJ., concur.