478 So.2d 69 (1985)
Peter DREW, Appellant,
v.
STATE of Florida, Appellee.
No. 85-760.
District Court of Appeal of Florida, Fifth District.
September 12, 1985.
Rehearing Denied October 24, 1985.
Peter Drew, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Drew appeals from the denial of his motion for post-conviction relief, Fla.R.Crim.P. 3.850, seeking review of the legality of the sentences imposed in these criminal cases. He argues that the sentences should be changed to run concurrently rather than consecutively. Upon reviewing the record furnished by the state, we agree that error occurred.
The record shows that Drew was sentenced in three criminal cases: CR 82-4346, CR 82-4382 and CR 82-4383. In CR 82-4346, for Count I, he received a fifteen year term, with a three year mandatory sentence for armed robbery, and for Count II he received a concurrent term of five years for carrying a concealed weapon.
In the second case, CR 82-4382, Drew received a sentence of fifteen years for Count I, with a three year minimum mandatory sentence. In Count II of that case, he received another fifteen year term to be served concurrently with Count I and with the sentences imposed in CR 82-4346. However, the three year mandatory sentence received in Count I was to run consecutively to "CR 82-4346, Org.Co.Orl.FL. (Count one only)." This could only mean that the three year minimum mandatory part of the sentence would not begin to be served until after the full fifteen year term for Count I in CR 82-4346 had been served, even though the other twelve years of the sentence would begin to be served immediately.
In the third case, CR 82-4383, Drew received a fifteen year term for kidnapping, with a three year minimum mandatory sentence. The minimum mandatory part of the sentence was stated to commence to run consecutively to the "mandatory minimum count of CR 82-4346, Ct. CR 82-4382." The balance was to start running concurrently with the other sentences received in CR 82-4382 and CR 82-4346. Therefore, three years of the sentence in this case would not commence to run until Drew had served in full the sentences for both Count I in CR 82-4346 and Count I in CR 82-4382, although the balance of the sentence would begin to be served immediately.
The record before us does not clearly disclose that the three offenses which had three year minimum mandatory sentences *70 arose out of the same criminal episode. Since Drew does not argue that they did, we will assume that each arose out of separate incidents occurring at separate times and places. Therefore, the court could have imposed either consecutive or concurrent minimum mandatory sentences. Palmer v. State, 438 So.2d 1 (Fla. 1983); Vann v. State, 366 So.2d 1241 (Fla. 3rd DCA 1979).
However, neither Palmer nor Vann permit the running of the three year minimum parts of the sentences in a sequence different from the balance of each sentence. In Palmer, the court held that consecutive mandatory minimum sentences were permissible under similar circumstances to the instant case, but it did not approve the splitting up of any mandatory portions from the balance of those sentences. Similarly in Vann, the consecutive sentences received, which the court approved, were to be served completely before the next began.
The fragmenting of the mandatory portions of those sentences and the provision that they alone be "stacked" or served consecutively apart from the balance of each respective term imposed appears to us to violate the well settled rule against split sentences or serving parts of sentences sandwiched between chunks of other sentences. See Segal v. Wainwright, 304 So.2d 446 (Fla. 1974); Oates v. State, 410 So.2d 960 (Fla. 1st DCA 1982); Rozmestor v. State, 381 So.2d 324 (Fla. 5th DCA 1980).
Accordingly, we vacate the sentences imposed in these cases and remand for resentencing.
SENTENCES VACATED AND REMANDED FOR RESENTENCING.
DAUKSCH, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
It is apparent from the whole record that the trial court imposed the five sentences in this case at one time and intended them to run as follows:

Years: 0 1 2 3 4 5 6 7 8 9 15
82-4346
Count I [MANDATORY] ________________________________________________]
Count II [________________________]
82-4382
Count I [____________ [MANDATORY] __________________________________]
Count II [___________________________________________________________]
82-4383 [_____________________ [MANDATORY] _________________________]

So viewed the sentences are lawful. The sentences themselves are all concurrent and only the 3-year mandatory minimum (§ 775.087(2), Fla. Stat.) portions of the three of the 15-year sentences are made consecutive or "stacked" as is permissible under the facts of this case and under Palmer v. State, 438 So.2d 1 (Fla. 1983), and Vann v. State, 366 So.2d 1241 (Fla. 3d DCA 1979), which were cited by the trial court.
Although the language in the sentence on Count I (82-4382) is somewhat ambiguous, the language in the sentence on 82-4383 makes it clear that the 3-year mandatory minimum portion of that sentence is "to run consecutive to [the] mandatory minimum [periods imposed on] Count I of CR 82-4346 [and] Count I of CR 82-4383, Orlando, Florida." [bracket words added as implied].
Our very interpretation of the sentences eliminates any ambiguity as to whether the 3-year mandatory minimum portion of the sentence imposed on Count I of 82-4382 was intended to follow that in the sentence *71 on Count I of 82-4346 and precede that in the sentence on 82-4383. Accordingly, this case should be affirmed.