POLEN, Judge.
Appellant was convicted in case No. 88-827 of three counts of armed robbery with a firearm for which he received three sentences of twelve years in prison with a three-year mandatory minimum followed by ten years’ probation. These sentences were to run concurrently. The trial judge also sentenced appellant to a concurrent sentence of twelve years in prison followed by three years’ probation for possession of a firearm by a convicted felon.
In a separate case, appellant was also convicted of another three counts of armed robbery with a firearm for which he received three sentences of twelve years in prison with a three-year mandatory minimum followed by ten years’ probation. These terms Of imprisonment were to run concurrent with each sentence and concurrent to the sentence imposed in case No. 88-827.
The trial judge ruled that the three-year mandatory sentence imposed pursuant to section 775.087(2) Florida Statutes (1987) for the counts in ease No. 88-827 be consecutive to the three-year mandatory minimum sentences imposed for the counts in the second case. We affirm.
Appellant committed three armed robberies at a gas station on State Road 60 and 43rd Avenue in Fort Pierce. About one half hour later, he committed a second robbery with a different set of victims on 30th Street east of State Road 5 near Marvin Gardens. The state charged appellant under two separate informations. Prior to trial the state moved to consolidate the cases. The trial court granted the state’s motion finding that the above offenses occurred minutes apart, involved many of the same witnesses, occurred close in location and were part of the same act or transaction or part of two or more acts or transactions. Appellant argues that once two separate eases have been consolidated for trial purposes, two separate minimum mandatory sentences cannot be imposed.
In Palmer v. State, 438 So.2d 1 (Fla.1983), the supreme court held that consecutive mandatory minimum sentences were permissible for offenses arising from separate incidents occurring at separate times. More recently, in State v. Thomas, 487 So.2d 1043 (Fla.1986), the supreme court concluded that a trial court has discretion to impose consecutive or concurrent mandatory minimum sentences under section 775.087(2), Florida Statutes (1979), where the offenses are separate and distinct offenses involving two separate and distinct victims.
We believe that even though appellant’s cases are consolidated for trial purposes, where the evidence after trial supports a finding that the crimes involved two separate and distinct offenses involving two separate and distinct victims, the trial court is not precluded from sentencing appellant for two separate offenses. Accordingly, we reject appellant’s argument to the contrary.
Appellant’s second point on appeal raises an issue not previously addressed by this court. He argues that the trial court erred when it sentenced him to serve a portion of his sentence concurrently and another portion to be served consecutively. We disagree.
In Perez v. State, 524 So.2d 720 (Fla. 3d DCA 1988), cert. denied, — U.S.-, 109 S.Ct. 1321, 103 L.Ed.2d 590 (1989), appellant was charged with second degree murder in one information. In a separate information, the state charged appellant with trafficking in cocaine and trafficking in cannabis. The trial court sentenced Perez to fifteen years incarceration with a three-year mandatory minimum term in the murder case. The trial court then sentenced Perez to three years incarceration with a three-year mandatory minimum term in the trafficking case. The sentences were to be served concurrently. The mandatory minimum prison term on the trafficking charge, however, was to be served consecutive to the mandatory minimum prison term on the second degree murder charge. *1230 The court of appeal affirmed Perez s conviction. The court reasoned that Perez’s convictions resulted from separate incidents occurring at separate times and places. Thus, the sentences were not impermissible. The court’s rationale centered on the fact that Perez’s sentences were not fragmented or interrupted. In other words, Perez was allowed to serve his sentence at one time rather than being piecemeal. Id. at 721. As long as the mandatory minimum sentences imposed arose from separate distinct incidents and the requirements of Palmer were satisfied, it made no difference if the sentence in the murder case ran concurrent to the sentence in the trafficking conviction.
Appellant’s reliance on Drew v. State, 478 So.2d 69 (Fla. 5th DCA 1985), is misplaced. Drew involved a case wherein the second and third consecutive mandatory sentences did not begin to run until the full completion of the previous terms of imprisonment. Consequently, the sentences violated the rule prohibiting split sentences or serving parts of sentences sandwiched between chunks of other sentences.
The sentence in the instant case does not suffer from the same infirmity as did the sentence in Drew. Appellant’s mandatory minimum sentence is consecutive during the term of the concurrent sentence. It is not fragmented nor does it begin to run only after the full completion of the first term of imprisonment.
Accordingly, we affirm appellant’s conviction in addition to both points on appeal.
ANSTEAD and WALDEN, JJ., concur.