FRANK, Acting Chief Judge.
Cary J. Campbell has appealed from two aspects of the sentences imposed by the trial court following pleas of guilty to the several counts of six informations. Each conviction arose from separate and distinct criminal events; i.e., the record before us discloses that in the period from July 30, 1989 to August 17, 1989, Campbell committed eleven robberies. Campbell was on community control at the time he committed the robberies. In four of the infor-mations, Campbell was charged with single counts of armed robbery, in another information he was charged with one count of armed robbery and three counts of simple robbery, and in the sixth information he was charged with three counts of simple robbery. Campbell pleaded guilty to all counts contained within the six informa-tions. He was adjudicated guilty on five counts of armed robbery and six counts of simple robbery. The guidelines computation placed him within the recommended range of 17 to 22 years. The trial court imposed six concurrent 15 year sentences for the simple robbery convictions and five concurrent 20 years of imprisonment for the armed robberies, the 15 year term to be served concurrently with the 20 year term. Within the 20 year sentence, however, the trial court imposed five consecutive 3 year mandatory minimum sentences. Campbell does not challenge the sentences arising from the simple robbery convictions. He does, however, dispute the correctness of the consecutive mandatory minimum sentences on the ground that a portion of his armed robbery imprisonment runs concurrently and the mandatory minimum portion is to be served consecutively. He has also attacked the trial court’s assessment of 11 points for each of the crimes which he committed while under legal constraint in the form of community control. We disagree with Campbell’s contentions deriving from the consecutive mandatory minimum sentences and his reliance upon Drew v. State, 478 So.2d 69 (Fla. 5th DCA 1985), but we reverse the sentences based upon multiplication of the legal constraint factor.
It is evident that the supreme court has approved the imposition of consecutive mandatory minimum sentences in the circumstance, present in this matter, of multiple offenses originating in separate criminal acts occurring at separate times. See Palmer v. State, 438 So.2d 1 (Fla.1983); Gladden v. State, 556 So.2d 1228 (Fla. 4th DCA 1990); Chatman v. State, 509 So.2d 1163 (Fla. 5th DCA 1987); Lightfoot v. State, 459 So.2d 1157 (Fla. 2d DCA 1984); cf. State v. Ames, 467 So.2d 994 (Fla.1985).
In our view, the trial court’s determination to sentence Campbell to 20 years for the armed robberies, 15 of which are mandatory minimums to run consecutively within the 20 year sentence, does no violence to the principle that “a prisoner is entitled to pay his debt to society in one stretch, not in bits and pieces.” Segal v. Wainwright, 304 So.2d 446, 448 (Fla.1974). The contested aspect of Campbell’s mandatory minimum sentence is wholly compatible with section 775.021(4)(a), Florida Statutes (1989), which provides in relevant part, that:
Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction *1049 and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.
The significant difference between the matter at hand and the sentencing which was condemned in Drew lies in the fact that Campbell’s consecutive 15 years of mandatory minimum time is embodied within the 20 year term and unlike that found to be error in the majority’s determination in Drew, the consecutive mandatory minimum sentences do not tack on at the end of another sentence. See Gladden.
The error which we find in this proceeding arises from our supreme court’s recent decision in Flowers v. State, 586 So.2d 1058 (Fla.1991), most recently applied in Banegas v. State, 586 So.2d 339 (Fla. 1991); Rivera v. State, 586 So.2d 1060 (Fla. 1991); State v. Sellers, 586 So.2d 340 (Fla. 1991); Ricks v. State, 586 So.2d 338 (Fla. 1991); Jackson v. State, 586 So.2d 1061 (Fla.1991); Fields v. State, 586 So.2d 341 (Fla.1991); State v. Worley, 586 So.2d 338 (Fla.1991); Carter v. State, 586 So.2d 340 (Fla.1991). Any past uncertainty with respect to multiplying the legal constraint element by the number of convictions flowing from independently committed crimes has been eradicated. The elimination from Campbell’s scoresheet computation of the multiplied legal constraint factor places him in a guidelines range below the 17 to 22 level reached at sentencing, even when the one cell bump-up permitted by rule 3.701(d)(14) of the Florida Rules of Criminal Procedure is scored. Thus, Campbell’s sentencing resulted in an unwitting departure from the guidelines without the requisite written reasons. See State v. Betancourt, 552 So.2d 1107 (Fla.1989).
Accordingly, we approve imposition of the consecutive mandatory minimum sentences but we remand this matter for re-sentencing in light of Flowers and its effect upon the calculation of Campbell’s scoresheet. The trial court’s ability to depart is, of course, not restricted should it find that departure for valid reasons is warranted. Betancourt.
Remanded.
HALL and PATTERSON, JJ., concur.