WIGGINTON, Judge.
Stacey brings this appeal from the trial court’s order denying his motion to correct an illegal sentence. The limited record indicates that, initially, appellant appealed his judgments of conviction and sentences, following a plea of nolo contendere. This court affirmed his convictions and sentences for six instances of armed burglary of a dwelling. We also affirmed his conviction and sentence as pronounced for one instance of aggravated assault with a firearm, but remanded for correction of the sentence as written. See Stacey v. State, 564 So.2d 254 (Fla. 1st DCA 1990).
On remand, the trial court imposed six concurrent, 17-year sentences, followed by five years probation, and one concurrent five-year sentence for the aggravated assault. All seven sentences carry three-year minimum mandatory terms for the use of a firearm. Within the 17 years, five of the minimum mandatory sentences are consecutive, and the remaining two run concurrent with the fifth minimum mandatory term. Based on the foregoing, it is clear that the trial court intended appellant to serve 15 years of mandatory minimum sentences with no gain time, followed by two years with full gain time, followed by five years probation.
Following his direct appeal, appellant filed a motion to correct illegal sentence alleging that the consecutive mandatory minimum sentences imposed effectively and impermissibly fragmented his sentence resulting in his having to serve piecemeal terms of imprisonment. The state responded, and pursuant to the state’s response, the trial court held that the “sentence imposed constitutes a lawful sentence and does not constitute the type of ‘sandwiching’ complained of by the defendant.”
We agree with the trial court that appellant’s “sandwiching” argument is inappropriate in the instant case. The sentencing scheme utilized by the court does not present the type of fragmented sentence that was held unlawful in Drew v. State, 478 So.2d 69 (Fla. 5th DCA 1985), but rather is similar to those approved in McDonald v. State, 564 So.2d 523 (Fla. 1st DCA 1990), Gladden v. State, 556 So.2d 1228 (Fla. 4th DCA 1990), and Perez v. State, 524 So.2d 720 (Fla. 3d DCA 1980).
*144 However, in its answer brief, the state candidly points out a computational quirk in the sentence by virtue of the fact that the five-year concurrent sentence imposed in case number 87-205 for aggravated assault will be effectively served contemporaneously with the preceding two consecutive minimum mandatories appellant is presently serving in case numbers 87-203 and 87-204, before its own minimum mandatory term could begin. Thus, appellant would serve only 12 consecutive years of minimum mandatory sentences as opposed to the intended 15 years. Consequently, in order to avoid confusion, we remand the cause to the trial court, directing that it reconfigure appellant’s sentences allowing for the sentence in case number 87-205 to be served first, with the sentences in case numbers 87-203 and 87-204 to be served concurrent to 87-205, and the minimum mandatories in those latter two cases to run consecutively to the minimum mandatory in 87-205. The remaining sentencing scheme can remain as originally imposed.
SHIVERS and BARFIELD, JJ„ concur.