POLEN, Judge.
Appellant was sentenced on his plea of no contest to two counts of DUI manslaughter, leaving the scene of an accident involving death, and DUI with serious bodily injury. He argues that it was error for a portion[1] of his 15-year prison sentence on the second count of DUI manslaughter to run consecutively to count I, while the remainder ran concurrently. We reverse.
The state concedes and we agree that under the authority of Rozmestor v. State, 381 So.2d 324 (Fla. 5th DCA 1980), such a sentence is erroneous. The parties dispute, however, whether or not the trial court may impose anything other than a concurrent sentence on remand. We decline to address this issue in advance of the trial court’s resen-tencing, as it would be premature.
GUNTHER, C.J., and FARMER, J., concur.

. The oral pronouncement was that 9.2 years of the 15 years would be consecutive; however, the written sentence says 8.86 years. Because of our reversal, this discrepancy becomes moot.