POLEN, Judge.
Miguel Francisco-Augustin appeals for the second time his consecutive sentences of fifteen years and eight years, respectively, for two counts of DUI manslaughter arising from the same criminal episode. In Francisco-Augustin v. State, 695 So.2d 1299 (Fla. 4th DCA 1997), we remanded for resentenc-ing because the defendant’s guidelines score-sheet showed an erroneous maximum total of 286 months (23.8 years), when the maximum should have been 259.2 months (21.6 years). On remand, the court again sentenced him to 286 months imprisonment.
The defendant’s sentence exceeds both the statutory maximum for his primary offense and the guidelines range. Even though he *42 did not file a motion to correct the sentence at the trial level, this appears to be an illegal sentence which is cognizable for the first time on appeal. Harriel v. State, 710 So.2d 102 (Fla. 4th DCA 1998). Since the trial court imposed the exact same sentence as before, and it was not done as a guidelines departure, we vacate his sentence and remand the case for sentencing, not to exceed 259.2 months. See State v. Myers, 713 So.2d 1013 (Fla.1998); Mays v. State, No. 90,826, 717 So.2d 515 (Fla.1998).
REVERSED and REMANDED in accordance with this opinion.
STEVENSON and TAYLOR, JJ., concur.