DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GERALD SMITH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1787

[ April 11, 2018 ]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Laura Sellers Johnson, Judge; L.T. Case No. 502004CF005970B.

Gerald Smith, Mayo, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and James Carney, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Gerald Smith appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. In his motion, Smith asserted that the trial court imposed an illegal fragmented sentence when it ordered his sentences for two burglary convictions to run concurrently, in part, and consecutively, in part. We agree that Smith's sentence is an illegal fragmented sentence. Accordingly, we reverse and remand for resentencing.

In 2005, following a jury trial, Smith was convicted of two counts of burglary of a dwelling and one count of petit theft. He was sentenced as a prison releasee reoffender to consecutive terms of fifteen years in prison for each count of burglary. For petit theft, he was sentenced to time served.

One week after Smith was sentenced, the trial court amended his burglary sentences, ordering them to run concurrently, in part, and consecutively, in part. Specifically, the court ordered the first ten years of each sentence to run concurrently, and the last five years of each sentence

to run consecutively.

Imposing a sentence that is partly concurrent and partly consecutive to another sentence violates a defendant's right to "pay his debt to society in one stretch, not in bits and pieces." *Segal v. Wainwright*, 304 So. 2d 446, 448 (Fla. 1974); *see also Francisco-Augustin v. State*, 695 So. 2d 1299, 1300 (Fla. 4th DCA 1997). Such a sentence is illegal under Rule 3.800(a). *Stroman v. State*, 837 So. 2d 1070, 1071 (Fla. 2d DCA 2003).

The state argues that under *Gladden v. State*, 556 So. 2d 1228 (Fla. 4th DCA 1990), Smith's sentence is not fragmented. In *Gladden,* the trial court ordered three twelve-year sentences to run concurrently but ordered the applicable three-year mandatory minimums to run consecutively. *Id.* at 1229. There, we determined that Gladden's sentence was not fragmented because the consecutive mandatory minimums would be fully served before Gladden finished serving the concurrent twelve-year sentences. *Id.* at 1230.

The state's reliance on *Gladden* is misplaced, because unlike in *Gladden,* the defendant's sentence here is fragmented. Smith's sentence requires him to serve the first ten years of each sentence simultaneously. Then he must serve the remaining five years of one sentence, while the remaining five years of the other sentence are put on hold to be served in the future. Because this is an illegal fragmented sentence, we reverse and remand for resentencing.

*Reversed and Remanded.*

GERBER, C.J., TAYLOR and DAMOORGIAN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

2