304 So.2d 446 (1974)
Steven Alan SEGAL, Petitioner,
v.
L.L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 44664.
Supreme Court of Florida.
December 11, 1974.
*447 Steven Alan Segal, in pro. per.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for respondent.
DEKLE, Justice.
By way of petition for writ of mandamus, petitioner seeks credit on a prison sentence for time served in jail while awaiting trial on unrelated charges. We have jurisdiction pursuant to Art. V, § 3(b)(5), Fla. Const.
Petitioner was charged by information with robbery on Jan. 30, 1967, and was arrested the following day. On October 10, 1967, he pleaded guilty to attempted robbery, and on Feb. 6, 1968, he was sentenced on that charge to a term of not less than 6 months nor more than 5 years. He was paroled on Nov. 10, 1970, but was arrested on Jan. 4, 1971, for receiving stolen property and for unauthorized use of credit cards; he was convicted of this charge on March 9, 1971, and sentenced to one year. On April 13, 1971, a warrant for this parole violation was issued; parole revocation hearing was held on Sept. 15, 1971, and on Nov. 9, 1971, the parole was revoked. On expiration of his 1-year sentence resulting from the conviction of March 9, 1971, petitioner was returned to the State's custody for completion of his initial robbery sentence of 1968. On March 1, 1972, he was placed on parole until Dec. 18, 1972, but he was arrested for robbery on April 7, 1972, and convicted on Sept. 6, 1972; he received a 9-year sentence. On Oct. 2, 1972, a warrant for parole violation was issued, resulting in parole revocation on Oct. 20, 1972.
It is respondent's contention that petitioner will not have completed service of the sentence (which was for a period of not more than 5 years) imposed on Feb. 6, 1968, until after completion of the subsequent 9-year sentence imposed on Sept. 6, 1972, despite the fact that petitioner has been actually "free" on parole for only about 4 months since his arrest on Jan. 31, 1967, and despite the teachings of State v. Coleman, 149 Fla. 28, 5 So.2d 60 (Fla. 1941); Adams v. Wainwright, 275 So.2d 235 (Fla. 1973); Brumit v. Wainwright, 290 So.2d 39 (Fla. 1973).
Inasmuch as we have not been presented with copies of underlying documents such as the sentencing orders, it is impossible for us to determine whether petitioner was granted credit on his sentences, or any of them, for time served in jail while awaiting sentencing, as is authorized by F.S. § 921.161.[1] For the same reason, we cannot tell whether the subsequent sentences imposed on March 9, 1971, and Sept. 6, 1972, were to run consecutively to the sentence of Feb. 6, 1968, and to each other (for a maximum total sentence on the three convictions of 15 years), or were to be served concurrently with the sentence imposed on Feb. 6, 1968. F.S. § 921.16 would make these sentences consecutive unless otherwise ordered by the trial court,[2] but we have not been provided with copies of the sentencing orders to enable us to determine *448 whether the sentences were ordered to be served concurrently with the sentence imposed on Feb. 6, 1968. Although the lack of such information renders a proper disposition of the case more difficult, we have sufficient information upon which to resolve the issue raised here.
The most striking feature of this case, as reflected above, is respondent's apparent disregard of our oft-repeated holdings that a prisoner is entitled to pay his debt to society in one stretch, not in bits and pieces. State v. Coleman, Adams v. Wainwright, Brumit v. Wainwright, supra. Here, respondent is seeking to make the petitioner serve his 5-year robbery sentence in bits and pieces, with the 1-year sentence of March 9, 1971, and the 9-year sentence of Sept. 6, 1972, sandwiched between portions of the 5-year sentence. This is the very evil that was condemned in the afore-cited cases. The 1-year sentence imposed on March 9, 1971, has thus now been completed, and we will not require petitioner to reserve this sentence. Brumit v. Wainwright, supra. Furthermore, in the event that the order imposing this sentence directed that it be served concurrently with the robbery sentence imposed on Feb. 6, 1968, petitioner is entitled in that case to credit upon the robbery sentence, of the one year served upon the sentence imposed on March 9, 1971.
The 9-year sentence imposed on Sept. 6, 1972, presents a different situation, since it has not yet been completed, so far as the record shows. In accordance with the rule set forth in the cases cited above, we hold that the time petitioner has served toward completion of that sentence shall instead be credited toward completion of the robbery sentence imposed on Feb. 6, 1968. "First come, first served," so to speak. In the event that not all of the time served toward completion of the 9-year sentence shall be required in order to complete the service of the 5-year robbery sentence (when credit is given on the service of the robbery sentence for "gain time" and such other credits as may be due to petitioner), the remaining time served toward completion of the sentence imposed on Sept. 6, 1972, shall be credited toward completion of that sentence. If, however, the Sept. 6, 1972, sentence was directed to be served concurrently with the service of the Feb. 6, 1968, sentence, then in that event time served toward completion of the Sept. 6, 1972, sentence shall be credited toward completion of both sentences. In this manner, petitioner will be able to serve his sentences seriatim and in one stretch rather than in bits and pieces (with the admitted exception for the term already completed).
One further point remains for our consideration. Inasmuch as we have not been furnished by respondent with copies of the parole revocation orders of Nov. 9, 1971, and Oct. 20, 1972, we are unable to determine if petitioner has already received credit for time spent in jail prior to revocation of his parole. Clearly, he is entitled to credit on the sentence on which he was paroled for time actually spent in jail while supposedly on parole, since a man cannot be both in jail and out on parole at the same time; he is either in or out. Brumit v. Wainwright, supra; Voulo v. Wainwright, 290 So.2d 58 (Fla. 1974). In the event that respondent has not already granted the petitioner such credit, he shall do so now.
Accordingly, the peremptory writ of mandamus is granted. Respondent is directed forthwith to give petitioner credit on the sentence imposed on Feb. 6, 1968, as follows:
(1) for all time served on the sentence imposed on Feb. 6, 1968, between the date on which such sentence was imposed and Nov. 10, 1970, and for time served toward completion of such sentence between the date upon which petitioner was returned to the State following completion of the sentence imposed on March 9, 1971, and March 1, 1972;

*449 (2) for such time served in county jail prior to imposition of sentence on Feb. 6, 1968, as was credited toward completion of this sentence by the direction of the trial judge, if any such credit was so given;
(3) for all time spent in jail between petitioner's arrest on Jan. 4, 1971, and March 9, 1971, and for all time spent in jail between petitioner's arrest on April 7, 1972, and Sept. 6, 1972;
(4) for all time served since Sept. 6, 1972, to date hereof, provided, however, that in the event that only part of such time served shall be required to be so credited in order to complete service of the sentence imposed on Feb. 6, 1968, then only such portion shall be so credited;
(5) for all time served on the sentence imposed on March 9, 1971, but such credit is to be granted only if the sentence imposed on March 9, 1971, was declared to run concurrently with the sentence imposed on Feb. 6, 1968;
(6) for any unforfeited gain time.
Respondent is further directed to recompute petitioner's remaining time on the sentence imposed on Sept. 6, 1972, so as to give petitioner credit as follows:
(1) for such time spent in jail prior to sentencing as the trial judge ordered credited on such sentence, if any;
(2) for such time as petitioner has served since Sept. 6, 1972, as shall not be credited toward completion of the sentence imposed on Feb. 6, 1968, as noted above; provided, however, that in the event the sentence imposed on Sept. 6, 1972, was declared to be concurrent with the sentence imposed on Feb. 6, 1968, then petitioner shall be given credit for all time served subsequent to Sept. 6, 1972;
(3) for all unforfeited gain time.
In the event that the sentence imposed on Sept. 6, 1972, was not declared to run concurrently with that imposed on Feb. 6, 1968, petitioner shall not be entitled to credit, toward completion of the sentence imposed on Sept. 6, 1972, for such time as shall be credited, pursuant to this order, toward completion of the sentence imposed on Feb. 6, 1968.
The sentence imposed on March 9, 1971, having been completed, does not necessitate any recomputations. That debt has now been paid, and need not be paid yet again.
Petitioner shall, upon completion of, or parole, or pardon from, the prison sentence imposed on Feb. 6, 1968, after the credits herein set forth are granted, then commence serving his 9-year sentence imposed on Sept. 6, 1972, unless paroled or pardoned therefrom, less credit for any excess time which may have been served on his previous convictions of Feb. 6, 1968, and March 9, 1971, beyond the time of his discharge due to these proceedings, if any.
Respondent is directed to grant petitioner credit on his sentences of Feb. 6, 1968, and Sept. 6, 1972, as outlined above and to make known to this Court within 30 days from the issuance hereof his full compliance with this writ; respondent shall attach to such notice of compliance, if in respondent's possession, copies of the orders imposing sentence on petitioner as to each conviction mentioned above.
It is so ordered.
ADKINS, C.J., and BOYD, McCAIN and OVERTON, JJ., concur.
NOTES
[1] Ch. 73-71, Laws of Florida 1973, requires as to sentences imposed subsequent to its effective date, that credit for time spent in county jail before sentencing shall be given. However, none of the sentences involved here was imposed subsequent to that chapter's effective date.
[2] All sentences relevant to this cause were imposed prior to the effective date of new CrPR 3.722, which rule provides that a failure to designate the sentence as consecutive shall render the sentence concurrent.