PER CURIAM.
Appellant-defendant, Dewey Laniero, appeals a judgment of guilty and imposition of sentence entered upon a conviction for grand larceny.
Appellant was charged by information with the offense of grand larceny and adjudged guilty as charged after trial and conviction by jury. Appellant was sentenced to a term of imprisonment for five years after serving forty-two months of which appellant was to be placed on probation for three and one-half years.
The sole question presented for our determination is whether the trial court had authority to impose probation beyond the period of maximum sentence.
It is now uniformly held that although a trial judge is permitted to enter a split sentence, the combined period cannot exceed the maximum period of time provided for that particular crime. Sherman v. State, 344 So.2d 870 (Fla. 4th DCA 1977); Holmes v. State, 343 So.2d 632 (Fla. 4th DCA 1977); Heatherly v. State, 343 So.2d 54 (Fla. 4th DCA 1977).
The offense of grand larceny, a third degree felony, is punishable by imprisonment for up to five years. Section 775.082, Florida Statutes (1975). In the instant case, pursuant to a conviction for grand larceny, appellant was sentenced to combined terms of imprisonment and probation which exceeded the maximum five-year sentence by two years. Thus the error. Accordingly, appellant’s probation is reduced to one and one-half years. McBride v. State, 311 So.2d 752 (Fla. 4th DCA 1975).
Judgment and sentence affirmed, and probation modified.
CROSS, ALDERMAN and DAUKSCH, JJ., concur.