381 So.2d 324 (1980)
Gerald S. ROZMESTOR, Appellant,
v.
STATE of Florida, Appellee.
No. OO-55/Tl-97.
District Court of Appeal of Florida, Fifth District.
March 19, 1980.
*325 Louis G. Carres, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Gregory C. Smith, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
The appellant, Gerald Rozmestor, was convicted of attempted burglary after a jury trial. Rozmestor raises two points on appeal: sufficiency of the evidence to establish a prima facie case on the issue of identity of the appellant as the perpetrator of the criminal act; and legality of the sentence imposed by the trial court because two years of the four year sentence were to be served concurrently with sentences imposed on the appellant on January 11, 1979, and the remaining two years were to be served consecutively to the prior sentences. We find there was sufficient competent evidence against the appellant to sustain his conviction, but because there is no statutory authority to divide the sentence as was done in this case, we remand to the trial court for correction of the sentence not inconsistent with this opinion.
The trial judge sentenced the appellant to a 4 year prison term, upon conviction for the third degree felony charged in the information. The maximum sentence allowable was 5 years. § 777.04(4)(d) Fla. Stat. (1979). At the sentencing hearing the judge said:
... it is the sentence of the law and judgment of the court that you Gerald S. Rozmestor be imprisoned by confinement and committed to the custody of the Florida Department of Corrections for a term of four years. You are not entitled to the time in this matter as you received the time that you were in jail while waiting trial in Docket Number 78-1904. Two years of this sentence will be served concurrently with the sentence imposed on January 11, 1979. And Count II and III will be served consecutively with each other to a five year sentence with Count II and three years with Count III. Two of this four year sentence here will be served concurrently with those and two of these sentences will be served consecutively with those.
The judgment appealed from provides:
... it is the sentence of the law and judgment of the Court that you Gerald S. Rozmestor be imprisoned by confinement and committed to the custody of the Florida Department of Corrections for a term of four years less 0 days heretofore served in the Volusia County jail, and the first two years of this sentence shall be served concurrently with any other sentence imposed by any other court, and the remainder of this sentence shall be served consecutively thereto ...
The appellant in this case was convicted of attempted burglary as charged in a one *326 count information. The record does not show the nature of the convictions in January of 1979 referred to by the judge. However, the sentence for at least one count was five years. Thus, appellant's present 4 year sentence will be broken up by the last three years of the prior sentence before the final two years commence to run.
Unless there is specific statutory authority to impose a sentence, it cannot stand. Brown v. State, 152 Fla. 853, 13 So.2d 458 (1943). Wright v. State, 348 So.2d 633, 634 (Fla. 3rd DCA 1977). And the language susceptible of differing constructions shall be construed most favorably to the accused. § 775.021(1), Fla. Stat. (1979). A defendant convicted of two or more offenses not charged in the same information shall serve the sentences imposed consecutively unless the court directs that some or all be served concurrently. § 921.16(1), Fla. Stat. (1979). The statute provides for concurrent sentences or consecutive sentences, but not a combination. Divided or non-consecutive sentences have been uniformly disapproved in this state. In State v. Coleman, 149 Fla. 28, 5 So.2d 60 (Fla. 1941) a prisoner was released shortly after she commenced to serve her sentence. After the prison term would have expired the state sought to imprison her to serve the full term. The Supreme Court held the state could not further imprison her: "... the convict has a right to pay his debt to society by one continuous period of imprisonment." Id. at 61. (Emphasis supplied).
Deferred sentences and "split sentences" which extend the prison term and or probation time beyond the maximum term allowed by the statutes for punishment of the particular crime are also invalidated because they have the inherent evil of possibly subjecting a defendant to serving a prison term without regard to "the march of the years." State v. Bateh, 110 So.2d 7 (Fla. 1959); Laniero v. Wainwright, 347 So.2d 684 (Fla. 4th DCA 1977); Kishel v. State, 351 So.2d 1058 (Fla. 4th DCA 1977); Green v. State, 354 So.2d 135 (Fla. 1st DCA 1978); McArthur v. State, 330 So.2d 548 (Fla. 1st DCA 1976).
In Segal v. Wainwright, 304 So.2d 446 (Fla. 1974), the Florida Supreme Court rejected the state's argument that the defendant should serve a five year robbery sentence with a one year sentence and a nine year sentence sandwiched between parts of the five year sentence. The court noted its "oft-repeated holdings that a prisoner is entitled to pay his debt to society in one stretch, not in bits and pieces." Id. at 448. The sandwiching of parts of one sentence between another was rejected in that case. Whether consecutive or concurrent the prisoner must be allowed to serve his sentence seriatim and in one stretch rather than in bits and pieces.
In this case, the term for the offense may be served either concurrently in full, or consecutively in full, with the other sentences, or any one of them, but not broken up between other prison sentences presently being served by the appellant. We therefore affirm the judgment, vacate the sentence, and remand this case to the trial court for resentencing. The appellant should be present at the resentencing proceeding, and should be afforded counsel.
Judgment affirmed; remanded for resentencing.
COBB and UPCHURCH, JJ., concur.