FRANK D. UPCHURCH, Jr., Judge.
Rodriguez appeals the sentences he received after entering a plea (pursuant to a plea bargain) of no contest to four counts involving separate crimes.[1] The sentences were set to run concurrently, and were within the twenty-five year cap contemplated by the plea bargain. However, the mandatory minimum portions of the three sentences which involved mandatory minimum times were set to run consecutively.[2]
Rodriguez contends that he may be required to serve his sentence either concurrently in full, or consecutively in full, with the other sentences, or anyone of them, but not broken up in such a manner that a portion of the sentence is consecutive while another portion is concurrent in nature. In support of his position, he cites Rozmestor v. State, 381 So.2d 324 (Fla. 5th DCA 1980). We disagree and affirm.
Rodriguez had been charged with eight felonies including sexual battery, robbery and aggravated battery. He agreed to plead to four of the charges if the state would nol pros the remaining four and would recommend a maximum of twenty-five years imprisonment.
Three of the charges, counts III, V and VII, each of which involved the use of a firearm, carried a mandatory minimum sentence of three years. The trial judge obviously desired that Rodriguez serve at least three years on each of those offenses for a total of nine years. If he merely provided that the sentences run concurrently, his plan to have Rodriguez serve three years in prison on each firearm count would be defeated. If he had provided that the firearm counts run consecutively, the mandatory period could not commence until the preceed-ing sentence was concluded thereby preventing Rodriguez from commencing to serve the second sentence until the first sentence was completed which would defeat the twenty-five year cap.
In Rozmestor, the sentence in question provided “the first two years of this sentence shall be served concurrently with any other sentence imposed by any other court, *299 and the remainder of this sentence shall be served consecutively thereto.... ” This court declared that a defendant has a right to serve his sentence by one continuous .period of imprisonment and that deferred sentences “which extend the prison term and/or probation time beyond the maximum time allowed by the statutes for punishment of the particular crime are also invalidated because they have the inherent evil of possibly subjecting a defendant to serving a prison term without regard to ‘the march of the years’.” 381 So.2d at 326. In the instant case, each of the sentences imposed will run continuously. None of the sentences is extended beyond the maximum term allowed by the statutes and none subjects the defendant to a prison term without regard to the “march of years.”
AFFIRMED.
OFRINGER, C.J., concurs.
SHARP, J., dissents with opinion.

. The defendant was convicted and sentenced on the following counts:
Count III, aggravated battery, fifteen years imprisonment, three years mandatory minimum;
Count V, aggravated battery, fifteen years imprisonment, three years mandatory minimum;
Count VII, armed robbery, twenty-five years imprisonment, three years mandatory minimum; and
Count VIII, grand theft, five years imprisonment.

. The sentences imposed read:
Count III: 15 yrs concurrent to Count VII; 3 yr. minimum mandatory to run consecutive to 3 yr. minimum mandatory in Count VII. Count V: 15 yrs concurrent to Count VII; 3 yr. minimum mandatory to run consecutive to 3 yr. minimum mandatory in Count III. Count VIII: to run Concurrent with Count VII.