Ms. Anabel P. Mitchell Chairman Florida Parole and Probation Commission 1309 Winewood Boulevard Building 6, Third Floor Tallahassee, Florida 32301
Dear Ms. Mitchell:
This is in response to your request for an opinion on substantially the following question:
 WHAT IS THE EFFECT OF A NEW COMMITMENT PROVIDING FOR A CONSECUTIVE SENTENCE CONTAINING A MANDATORY MINIMUM TERM OF INCARCERATION, UPON AN INMATE'S PAROLE ELIGIBILITY ON ANY PRESENT UNEXPIRED COMMITMENTS FOR WHICH HE IS OTHERWISE ELIGIBLE FOR PAROLE UNDER SECTION 947.16(1), F.S.?
Your question involves a determination of what point a consecutive mandatory minimum sentence is added to an inmate's cumulative sentence when computing the total cumulative number of years for the purpose of determining a presumptive parole release date pursuant to s 947.16, F.S. It is my opinion that the consecutive mandatory minimum sentence must be added to the cumulative total of unexpired sentences which were imposed prior to the imposition of the consecutive mandatory minimum sentence.
My opinion is based upon several factors. First, the Legislature has specifically afforded trial courts the power to sentence concurrently or consecutively. See s 775.021(4), F.S., which provides that:
 Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, and the sentencing judge may order the sentences to be served concurrently or consecutively.
See also s 921.16, F.S., which provides how sentences will be served when the sentencing court is silent on the subject.
Such determinations are clearly within the Legislature's discretion, and the judiciary has recognized that its judgment should not be substituted for that of the Legislature absent a constitutional violation. See, e.g., Hamilton v. State,266 So.2d 8, 10 (Fla. 1979). It is a fundamental rule of statutory construction that a statute should be construed in a manner to give effect to legislative intent. Griffis v. State,356 So.2d 297, 299 (Fla. 1978). Therefore, the only way a consecutive mandatory minimum sentence could really be termed consecutive would be if it were added to the unexpired original sentence when computing the presumptive parole release date under s 947.16, F.S.
A second reason for my conclusion is that when the Legislature enacted s 775.087(2), F.S., it specifically provided that an inmate sentenced under that statute could not be paroled prior to serving the minimum sentence. Since the Florida Supreme Court held in Segal v. Wainwright, 304 So.2d 446, 448 (Fla. 1974), that sentences were to be served "in one stretch" and that the order should be "`[f]irst come, first served,' so to speak," it is clear that all unexpired sentences must be fully served before an inmate could begin to serve a subsequently imposed consecutive mandatory minimum sentence. Otherwise, such a sentence would be concurrent rather than consecutive. See also, Palmer v. State,438 So.2d 1, 4 (Fla. 1983), which approved the "stacking" of consecutive mandatory minimum sentences which arose from separate incidents occurring at different times and places.
My conclusion is not altered by the opinion expressed by this office in AGO 074-10, which was issued prior to the enactment of both s 775.021(4), F.S., and s 775.087(2), F.S. Moreover, that opinion relied upon a definition of "parole" which required an inmate to be released to society rather than to prison to begin serving an additional prison sentence. This definition of "parole" was implicitly rejected by the Supreme Court of Florida in Segal (which was rendered after AGO 074-10) when the Court explained that a defendant "shall, upon completion of, or parole, or pardon from, the prison sentence . . . then commence serving" his subsequent sentence. Segal, supra, at 304 So.2d 447 (emphasis supplied).
Implicit in my conclusion is reliance upon s 921.16(2), F.S. which contemplates that a Florida prisoner can be paroled to another state to serve a prison sentence. See also, Todd v. Florida Parole and Probation Commission, 410 So.2d 584 (Fla. 1st DCA 1982). Thus, if a prisoner can be "paroled" to another sentence under Segal or another state under s 921.16(2) and Todd, the literal interpretation of the term "parole" in AGO 074-10 is inapplicable. This is especially true in light of the advent of mandatory minimum sentences under statutes like s 775.087, F.S. Finally, the Legislature has specifically contemplated in s 947.16(2)(g), F.S., that inmates serving mandatory minimum sentences shall not receive parole interviews until shortly before the mandatory portions of their sentences are due to expire. This further supports my conclusion that mandatory minimum sentences are to be treated differently and that such sentences, when ordered to be served consecutively, must be in addition to other sentences already imposed but yet unexpired.
In summary, a new commitment requiring the serving of a consecutive mandatory minimum sentence must be added to an inmate's cumulative sentences for which he is otherwise eligible for parole. Thus, in your example, the consecutive mandatory sentence could not begin to be served until the initial sentence had been terminated by pardon, parole, expiration, etc. Segal, supra. Any other construction would run contrary to the trial court's informed decision to order a consecutive, mandatory minimum sentence for which parole was neither contemplated nor permitted.
Sincerely,
Jim Smith Attorney General
Prepared By:
Lawrence A. Kaden Assistant Attorney General