524 So.2d 720 (1988)
Essie Andres PEREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-1642.
District Court of Appeal of Florida, Third District.
May 10, 1988.
Essie Andres Perez, in pro. per.
Robert A. Butterworth, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
PER CURIAM.
Perez appeals from an order of the trial court denying his motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court's order upon a finding that the sentence imposed was proper.
Perez was charged with second-degree murder in violation of section 782.04, Florida Statutes (1983). The information alleged that the murder occurred on December 23, 1983. Perez was subsequently charged in a separate information with trafficking in cocaine and trafficking in cannabis in violation of section 893.135, Florida Statutes (1983). These offenses were alleged to have been committed on April 19, 1984. Perez, represented by counsel, accepted the state's invitation to enter into a plea agreement. The agreement provided that Perez was to plead *721 guilty to second-degree murder and trafficking in cannabis in return for a specified sentence of incarceration. Following a colloquy, the trial court accepted Perez's guilty plea and sentenced him in accordance with the terms of the plea agreement. Perez was sentenced on the second-degree murder charge to fifteen years' incarceration with a three-year statutory mandatory minimum term.[1] Perez's sentence on the trafficking charge was three-years' incarceration with a three-year mandatory minimum term.[2] The sentences were to be served concurrently; however, the mandatory minimum prison term on the trafficking charge was to be consecutive to the mandatory minimum prison term on the second-degree murder charge.
Approximately one year into his sentence, Perez challenged its legality by filing a 3.850 motion in the trial court. Perez asserted that his sentence was impermissibly "split" because it required that he serve the three-year mandatory minimum term on the trafficking charge at the conclusion of the three-year mandatory minimum term on the second-degree murder charge. According to Perez, the three-year term on the trafficking charge would divide or interrupt the running of the remaining twelve years of the murder sentence. The trial court denied Perez's motion and his motion for rehearing.
Perez contends on appeal that his sentence is of the "divided" or "non-consecutive" type disapproved in Rozmestor v. State, 381 So.2d 324 (Fla. 5th DCA 1980). We disagree. The challenged sentence in Rozmestor required the defendant's four-year term of imprisonment to run concurrently for two years with his prior sentence on an unrelated conviction; the remaining two years were to run consecutive to the prior sentence. In other words, the defendant's four-year sentence would "be broken up by the last three years of the prior sentence before the final two years commence to run." Id. at 326. The court vacated the sentence and, citing to Segal v. Wainwright, 304 So.2d 446 (Fla. 1974), observed that "the prisoner must be allowed to serve his sentence seriatim and in one stretch rather than in bits or pieces." Id. Perez's reliance on Rozmestor is misplaced because Perez's sentences were to run concurrently and did not involve the disruption of any previously imposed sentence. Only the mandatory minimum terms were to run consecutively. Unlike the sentences challenged in Segal and Rozmestor, nothing in this scheme prevented the three-year segment on the trafficking charge from being applied toward the twelve-year balance of the second-degree murder sentence. Perez clearly was not required to serve his time in prison in a piecemeal or fragmented manner. Cf. Calhoun v. State, 522 So.2d 509 (Fla. 1st DCA 1988) (sentences invalid where defendant would have to serve five years' imprisonment, be released to serve two years' probation, and then return to prison to serve four more years); Lanier v. State, 504 So.2d 501 (Fla. 1st DCA 1987) (sentences impermissibly split where probationary period did not immediately follow term of imprisonment imposed on that count).
It is undisputed that Perez's convictions and the sentences imposed thereon arose from separate offenses committed on different occasions rather than during a continuous course of criminal conduct. Consecutive mandatory minimum sentences may not be imposed for offenses arising from a single criminal episode. State v. Ames, 467 So.2d 994 (Fla. 1985); Wilson v. State, 467 So.2d 996 (Fla. 1985); Palmer v. State, 438 So.2d 1 (Fla. 1983); Vickery v. State, 515 So.2d 396 (Fla. 1st DCA 1987); Boatwright v. State, 512 So.2d 955 (Fla. 1st DCA 1987); Fowler v. State, 481 So.2d 565 (Fla. 5th DCA 1986); Walker v. State, 474 So.2d 319 (Fla. 3d DCA 1985); Hagin v. State, 473 So.2d 18 (Fla. 3d DCA 1985). Perez's sentences, however, resulted from separate incidents occurring at separate times and places. The fact that the mandatory minimum portion of each sentence is consecutive is not violative of Palmer and its progeny. The Palmer court specifically *722 qualified its prohibition against the imposition of consecutive mandatory minimum sentences for crimes arising from a single episode: "By this holding, we do not prohibit ... consecutive mandatory minimum sentences for offenses arising from separate incidents occurring at separate times and places." Id. at 4. See Drew v. State, 478 So.2d 69, 70 (Fla. 5th DCA 1985) (Cowart, J., dissenting) (where five sentences were concurrent with only three-year mandatory minimum portions of three of the sentences made consecutive, sentences were permissible under Palmer). Neither does Perez's sentence contravene section 921.16(1), Florida Statutes (1983).[3]
Accordingly, we affirm the trial court's denial of Perez's 3.850 motion to correct his sentence.
NOTES
[1] The minimum mandatory sentence was imposed pursuant to section 775.087(2), Florida Statutes (1983).
[2] The minimum mandatory sentence was imposed pursuant to section 893.135(1)(a)(1), Florida Statutes (1983).
[3] Section 921.16(1), Florida Statutes (1983), reads as follows:

921.16 When sentences to be concurrent and when consecutive. 
(1) A defendant convicted of two or more offenses charged in the same indictment, information, or affidavit or in consolidated indictments, informations, or affidavits shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently.