SHARP, Judge.
Wilson appeals from his sentence imposed by the trial court after he pled guilty to burglary of a structure.[1] At the time Wilson committed the burglary and at the time of sentencing, he was on active probation for unrelated offenses. However, the trial judge did not revoke this probation. Instead, he sentenced Wilson to five years probation to be served consecutively to the active probation term, on the condition that Wilson serve fifty-one weeks in the Putnam County Jail. Wilson would serve the jail time first, then the balance on probation for the prior offense, and then the probation for the current offense. Both sides concede that the trial judge erred as a matter of law in imposing this sentence. See Calhoun v. State, 522 So.2d 509 (Fla. 1st DCA 1988). Rozmestor v. State, 381 So.2d 324 (Fla. 5th DCA 1980). However, they differ in their proposed remedies to correct this error.
The state urges that Wilson first serve the currently active probation, and then serve the probation imposed in’ this case, commencing with the condition of fifty-one weeks in jail. We reject this proposition based on the rationale in Calhoun, and on our opinion in Sanchez v. State, 538 So.2d 923, 924 (Fla. 5th DCA 1989) where we reversed sentences which required community control to follow probation, because community control is a harsher and more severe punishment than probation.
Wilson urges that the proper remedy is to order the instant probation to run concurrently with the active probation, or eliminate the fifty-one week jail term. Elimination of the “consecutive” status between the two probationary periods resolves the problem that a harsher punishment (jail time) would follow a less severe one (probation). However, we are not inclined to eliminate the fifty-one week jail term imposed by the trial court, for such was clearly the sentencing intent of the trial judge.
We therefore direct the trial court to correct the sentence so that the active probation sentence runs simultaneously with the current sentence of probation, conditioned on the jail term. Wilson should begin serving the fifty-one weeks immediately, during which time his active probation sentence will also run. An additional option open to the trial court on remand is to revoke probation in the prior case.
QUASH SENTENCE and REMAND for resentencing.
COBB, J., concurs.
COWART, J., dissents without opinion.

. § 810.02, Fla.Stat. (1987).