561 So.2d 1254 (1990)
Charles Edward JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 89-01074, 89-01147.
District Court of Appeal of Florida, Second District.
May 18, 1990.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
*1255 Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Acting Chief Judge.
The appellant, Charles Edward Johnson, in this consolidated appeal, challenges certain terms and conditions of his probation and a subsequent order revoking that probation. We reverse.
The appellant was charged with robbery with a firearm and aggravated assault with a firearm. The state, as a result of plea negotiations, removed the allegations concerning a firearm from both of the charges, and the appellant pled guilty to the amended charges. The trial court, as part of the negotiations, sentenced the appellant to serve four years in prison on the aggravated assault charge and placed him on five years probation on the robbery charge. A $300 public defender fee was also imposed. The terms and conditions of the probation order required the appellant to stay more than three blocks away from areas of known high drug activity as determined by his probation officer and to make restitution in the amount of $25,000. The trial judge, in open court, announced that appellant's probation would be terminated upon payment of the restitution, but this statement was not placed in the probation order. The appellant filed a timely notice of appeal.
The appellant, as a result of a mistake at the county jail, was not delivered to the state prison to begin serving his sentence, but instead was released from custody. When his probation officer was informed that the appellant was not in custody, she executed an affidavit and obtained a warrant charging the appellant with violating the terms and conditions of his probation by failing to report to the probation office within seventy-two hours of his release from incarceration. At appellant's probation revocation hearing, the state presented evidence that the appellant had been instructed by the court and by the probation officer to report to the probation office after his release from custody. The appellant argued that because of the events that had occurred he was confused about when he was to report. The trial court found that the appellant had violated the terms and condition of his probation, revoked the probation, and sentenced the appellant to serve nine years in prison for the robbery charge. The sentence was to be served consecutively to the four year sentence for the aggravated assault charge and was to be followed by thirty years of probation. The appellant filed a timely notice of appeal from the judgment and sentence.
We agree with the appellant's contention that the trial court erred by revoking his probation. A violation which triggers a revocation of probation must be willful and substantial and the willful and substantial nature of the violation must be supported by the greater weight of the evidence. Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988). The state did not carry its burden of showing that the appellant's violation was willful and substantial. Although the appellant did not report as instructed, his release from custody was not as a result of serving his sentence, but rather because of the mistake of the county jail. A probationer is required to initially report to his probation officer so that, among other things, he can be oriented on the requirements of his probation. The requirement generally contemplates that he has already commenced his probation. The fact that he was mistakenly released from custody before serving a prison sentence did not terminate that sentence and commence his probation. See Carson v. State, 489 So.2d 1236 (Fla. 2d DCA 1986) (unless interrupted by fault of prisoner, sentence continues to run while he is at liberty). The appellant's probation will not commence until he serves his prison sentence. See § 948.01(8), Fla. Stat. (1987). See also Van Tassel v. Coffman, 486 So.2d 528 (Fla. 1986). When he has completed that sentence, he will have to report to the probation office. His failure to report four years before he is scheduled to start his *1256 probation does not constitute a willful or substantial violation of his probation in this case.
The supreme court has held that a trial court has the power to revoke a defendant's probation after the order for probation has been entered but prior to the time the probation period actually commences for misconduct which indicates the defendant's unfitness for probation. Stafford v. State, 455 So.2d 385 (Fla. 1984). However, it cannot be said under the circumstances of this case that appellant's failure to report four years before he is scheduled to start his probation is misconduct. We, accordingly, reverse and remand with instructions to reinstate the appellant's probation.
We also agree with the appellant's contention that the trial court, in the order placing him on probation, erred in establishing the amount of restitution, see Peters v. State, 555 So.2d 450 (Fla. 4th DCA 1990), by imposing a public defender fee without notice and an opportunity to be heard, Farmer v. State, 535 So.2d 358 (Fla. 2d DCA 1988), by requiring the appellant to remain at least three blocks away from known high drug areas, Huff v. State, 554 So.2d 616 (Fla. 2d DCA 1989), and by not having the written order placing the appellant on probation recite that probation would be terminated upon payment of restitution, see Clarke v. State, 453 So.2d 488 (Fla. 2d DCA 1984). Upon remand, after reinstating the appellant to probation, the court should strike the condition of probation requiring the appellant to stay at least three blocks away from known high drug areas and the imposition of attorney's fees. The attorney's fees can be properly imposed again after providing the appellant with notice and an opportunity to be heard. The court should, furthermore, conduct another hearing to determine the proper amount of restitution.
Reversed with instructions.
LEHAN and PARKER, JJ., concur.