THREADGILL, Acting Chief Judge.
Al Williams challenges the sufficiency of the evidence to revoke his probation and the resulting guidelines departure sentence. We affirm the revocation of probation and reverse the sentence.
*644 The appellant was placed on probation in April 1978, for resisting arrest with violence, in violation of section 843.01, Florida Statutes (1977). An affidavit of violation of probation was filed in June 1978, and probation was revoked at a hearing held April 25, 1991, for failure to report to the probation officer upon release from jail. He was sentenced in excess of the recommended guidelines range to five years’ incarceration.
Williams argues that the evidence presented at the revocation hearing failed to show that his violation of probation was willful and substantial. See Hightower v. State, 529 So.2d 726 (Fla. 2d DCA1988); Johnson v. State, 561 So.2d 1254 (Fla. 2d DCA1990). We do not reach the merits of this argument because Williams failed to raise this issue before the trial judge. The record shows only an issue of identification. In order for an argument to be cognizable on appeal it must be the specific contention asserted as legal ground for the objection, exception, or motion in the court below. Steinhorst v. State, 412 So.2d 332 (Fla.1982); Harmon v. State, 527 So.2d 182 (Fla.1988).
Moreover, there was sufficient evidence from which the trial court could conclude that Williams was the same person placed on probation in 1978. Two witnesses presented circumstantial evidence from which Williams’ identity could be inferred, and the officer who arrested him in 1978 positively identified him.
At sentencing, the trial judge departed from the sentencing guidelines recommended sentence and sentenced Williams to five years in prison. The reason given for departure was “based on the fact that the defendant has several offenses occurring after this offense that are not scoreable on the guidelines score-sheet.” The only evidence presented to support this reason was the prosecutor’s representation to the court that Williams had “a load” of unscoreable offenses since being placed on probation in 1978. The prosecutor did not, however, enumerate these offenses nor did he produce any further evidence to support his assertion.
The reason for departure is invalid for two reasons. First, the reason did not exist at the time of the initial sentencing. Section 948.06(1), Florida Statute (Supp. 1990), provides that upon revocation a trial court may impose any sentence which it might have originally imposed before placing the probationer on probation. A departure must be based on reasons that would have supported departure had the trial court initially sentenced the defendant. See Williams v. State, 581 So.2d 144 (Fla.1991). Second, the state failed to prove the subsequent offenses by a preponderance of the evidence. § 921.001(5), Fla.Stat. (Supp. 1990). No evidence of the offenses was presented. The departure was based solely on the prosecutor’s representation to the court.
We therefore affirm the judgment revoking probation. We reverse the sentence and remand for resentencing within the sentencing guidelines, including a one-cell bump for violation of probation.
PARKER and BLUE, JJ., concur.