WHATLEY, Judge.
Shawn D. Faulkner appeals his conviction for violation of community control. He argues that his violation was not willful and substantial. We agree and reverse.
Faulkner originally entered into a plea agreement with the State and was sentenced to five years in prison, suspended, one-year in county jail with credit for time served, followed by two years of community control, followed by a term of probation. Two days after his incarceration in the county jail, he was mistakenly released. This release was an error not attributable to Faulkner. He remained law-abiding, but failed to contact *949 the appropriate agency regarding the status of his community control or probation.
Forty-eight days after his release, a bench warrant was issued, and he was arrested for violation of community control. At the violation of community control hearing, he was found guilty and sentenced to prison for the balance of his five-year suspended sentence.
Faulkner contends Johnson v. State, 561 So.2d 1254 (Fla. 2d DCA 1990), controls the above facts, and the State concurs and concedes error. The facts in Johnson are markedly similar to those in this ease. The Johnson court stated:
The state did not carry its burden of showing that the appellant’s violation was willful and substantial. Although the appellant did not report as instructed, his release from custody was not as a result of serving his sentence, but rather because of the mistake of the county jail. A probationer is required to initially report to his probation officer so that, among other things, he can be oriented on the requirements of his probation. The requirement generally contemplates that he has already commenced his probation. The fact that he was mistakenly released from custody before serving a prison sentence did not terminate that sentence and commence his probation. See Carson v. State, 489 So.2d 1236 (Fla. 2d DCA 1986) (unless interrupted by fault of prisoner, sentence continues to run while he is at liberty). The appellant’s probation will not commence until he serves his prison sentence. ... His failure to report four years before he is scheduled to start his probation does not constitute a willful or substantial violation of his probation in this ease.
Johnson, 561 So.2d at 1255-56.
Likewise, Faulkner’s failure to report before his community control began did not constitute a willful or substantial violation of his community control.[1]
Accordingly, we reverse the conviction for violation of community control and remand this matter for reinstatement of the original sentence.
Reversed and remanded.
PARKER, C.J., and BLUE, J., concur.

. It appears from this record that Faulkner’s original county jail sentence would have been served or expired by the date of this opinion. If that it is the case, on remand, he wotild servé the balance of his community control and probationary term.