PARKER, Acting Chief Judge.
James Kerklin, incarcerated in the Florida Department of Corrections (DOC) at the Avon Park Correctional Institution, petitions this court for a writ of habeas corpus directed to Howard Godwin, Sheriff of Highlands County (the Sheriff), to release Kerklin from the detainer placed by the Sheriff at the DOC. Because we are without jurisdiction to grant habeas corpus, we deny the petition.
In June 1997, the county court in Highlands County sentenced Kerklin on two counts of driving with license suspended to one year in county jail on each count, to run consecutively.[1] Kerklin absconded six months later, and the police arrested him on unrelated felony charges in March 1998. The county court ordered Kerklin to serve the remainder of his two-year sentence in county jail. The circuit court subsequently sentenced Kerklin to thirty-three months on the unrelated charges,[2] and he was transferred to the DOC. Shortly thereafter, the Sheriff placed a detainer against Kerklin, seeking to return him to county jail for the remainder of his two-year sentence.
Kerklin argues that the Sheriff is without lawful authority to transfer him to the county jail from the DOC after he has served the DOC sentence. Kerklin cites the general principle that prisoners have a right to serve their sentences in one continuous stretch. Accordingly, he seeks to have the Sheriffs detainer quashed and his county jail sentence vacated.
Upon review of this case, we conclude that the court best suited to address Kerk-lin’s petition is the trial court in the Tenth *957 Judicial Circuit, which is the judicial circuit where Avon Park Correctional Institution is located. See State ex rel. Wainwright v. Holley, 234 So.2d 409, 410 (Fla. 2d DCA 1970) (petition for writ of habeas corpus must be filed with the circuit court of the county in which the prisoner is detained). Accordingly, we deny Kerklin’s petition for habeas corpus. However, we write this opinion to furnish the trial court some guidance if Kerklin renews his petition in that court.
If Kerklin files a petition for habeas corpus in the trial court, raising these same issues, the trial court must first establish whether Kerklin’s allegations are supported by the sentencing documents. If Kerklin’s allegations are true, then the trial court should review the circuit court’s thirty-three month DOC sentence. If the circuit court ordered that the DOC sentence run concurrently with the county jail sentence, it would appear that the detainer lodged by the Sheriff should, be quashed.
If the judgment and sentence does not reflect that the circuit court ordered a concurrent sentence, it is clear that it was error to transfer Kerklin to the DOC to serve his thirty-three-month sentence before completion of his two-year county jail sentence. See Segal v. Wainwright, 304 So.2d 446 (Fla.1974) (trial court erred in ordering defendant to serve one-year sentence for receipt of stolen property where defendant had not finished serving sentence on earlier robbery conviction); Wilson v. State, 547 So.2d 1049, 1049 (Fla. 5th DCA 1989) (trial court erred in sandwiching an active probation sentence between fifty-one weeks in county jail and five years’ probation to be served on a separate offense); Rozmestor v. State, 381 So.2d 324, 326 (Fla. 5th DCA 1980) (trial court erred in sentencing defendant to four years, two of which were to be served concurrently with a previous five-year sentence, with the remainder to be served consecutively). Under Segal, it would appear that a trial court order directing the DOC to immediately release Kerklin to Highlands County to serve the county-jail sentence would solve the error of piecemeal service of that sentence. See 304 So.2d at 448.
In Segal, the Florida Supreme Court granted a petitioner’s writ of mandamus seeking credit on his prison sentence for time served on unrelated charges. See id. The trial court had paroled the defendant before he served his entire sentence for robbery. See id. at 447. While on parole, he was arrested and subsequently sentenced to one year in prison for receipt of stolen property. See id. The trial court also revoked his parole, and when he finished his one-year sentence, the court ordered him to finish his robbery sentence. See id. The defendant was again paroled, and arrested once again for robbery. See id. The court sentenced the defendant to nine years for the new robbery charge and, once agáin, revoked his parole. See id.
The supreme court recognized that the trial court erred in failing to allow the defendant to serve his initial robbery sentence in one continuous stretch. See Segal, 304 So.2d at 448. To remedy the error, the court found that the defendant had served his one-year sentence for receipt of stolen property and ordered the time served toward the defendant’s nine-year robbery sentence to be credited toward the first robbery sentence.[3] See id. The court explained: “In this manner, petitioner will be able to serve his sentences Seriatim and in one stretch rather than in bits and pieces (with the admitted exception for the term already completed).” Id.
Segal appears to provide the trial court authority to remedy the piecemeal service of Kerklin’s county jail sentence by ordering his immediate return to county jail. However, an immediate transfer would *958 create a piecemeal service of the DOC sentence because the DOC is without authority to credit Kerklin’s county jail sentence with time served in the DOC. Accordingly, we would direct the trial court to review State ex rel. Libtz v. Coleman, 149 Fla. 28, 5 So.2d 60 (1941).
In Coleman, a defendant who did not seek or consent to release from a six-month county jail sentence was released after five days in jail. See 5 So.2d at 61. When an attempt was made to reinstate the sentence six months later, the prisoner filed a petition for habeas corpus with the Florida Supreme Court. See id. The supreme court concluded that, without the defendant’s consent, the State could not stay the running of a jail sentence that had begun. See id. See also Faulkner v. State, 706 So.2d 948, 949 n. 1 (Fla. 2d DCA 1998) (noting that if a defendant’s county jail sentence had expired after he was mistakenly released from jail, the court should not order him to be returned to the county jail, but should direct him to serve the remaining portion of his community control and probation).
Similarly, if Kerklin did not consent to his removal from county jail to the DOC, it would appear that the State could not stay the running of his county jail sentence. It would follow that Kerklin is entitled to have his county jail sentence run concurrently with the DOC sentence. An order to that effect would also require quashing of the Sheriffs detainer in this case. Allowing Kerklin to serve the county jail sentence concurrently with the DOC sentence would remedy the piecemeal service of the county jail sentence without requiring piecemeal service of the DOC sentence.
The petition for habeas corpus is denied without prejudice for Kerklin to refile the petition in the Tenth Judicial Circuit.
WHATLEY and SALCINES, JJ., Concur.

. We initially note that all of the facts set forth in the opinion came from Kerklin's petition. There is no record attached to the petition to establish the truth of these facts.

. Unless the circuit court ordered that the DOC time run concurrent to the county jail time, this sentence must run consecutively to the two-year sentence. See § 921.16, Fla. Stat. (1997) (sentences for offenses not charged in the same indictment, information, or affidavit are consecutive unless affirmatively designated concurrent during sentencing); Benyard v. Wainwright, 322 So.2d 473, 476 (Fla.1975).

. Because it was not clear from the record whether the court had ordered the nine-year robbery sentence to be served concurrently or consecutively to the other sentence, the court also sentenced the defendant in the alternative to credit for time served on both sentences. See Segal v. Wainwright, 304 So.2d 446, 448 (Fla.1974).