PER CURIAM.
David Moore, Jr. appeals the trial court’s orders dismissing his petition for writ of habeas corpus and striking his motion for rehearing. We reverse and remand with instructions.
In 2012, Moore filed the instant petition for writ of habeas corpus, challenging the detainer[1] placed on him by the Martin County Sheriffs Office. Moore alleged in his petition that on April 17, 1995, while he was in jail awaiting trial on charges in connection with a May 1994 escape attempt, he was found in contempt of court. As punishment for the contempt, Moore was sentenced to serve 179 days in the county jail, to be served consecutively to any active sentence. Moore alleges that at the time, he had no active sentences. The Martin County Sheriffs Office filed a detainer on Moore with the Department of Corrections (“DOC”) regarding the contempt sentence. Moore remained in county jail pending trial for more than 179 days after the contempt sentence was imposed. Then, on February 8, 1996, following a jury trial on his pending escape charges, Moore was found guilty of escape and two other charges. He was sentenced to thirty years as a habitual felony offender for the escape charge, and to time served on the other two charges.
In the habeas petition, Moore incorrectly named the State as the respondent. Contending that he was not serving an active sentence at the time the contempt sentence was imposed, he argued that it was illegal to run the contempt sentence consecutively to any sentence he might receive in the future, citing to Jarrett v. State, 665 So.2d 381 (Fla. 5th DCA 1995) (finding sentence for contempt to be illegal because “it [wa]s error to direct that a sentence commence at the conclusion of a future sentence yet to be announced”). He further argued that because he spent more than 179 days in jail after the contempt sentence was imposed and prior to the sentencing on the escape and other two charges, his contempt sentence was fully served prior to being sentenced on the other charges; therefore, the detainer was unlawful. Moore cited Kerklin v. Godwin, 747 So.2d 956 (Fla. 2d DCA 1999), for the proposition that a habeas petition is a proper way to challenge a detainer.
The trial court dismissed the habeas petition, stating it did not have jurisdiction to force DOC to correctly apply Moore’s sentence. Moore filed a timely sworn motion for rehearing, explaining that he was seeking to have the court that imposed the *613 contempt sentence issue an order stating that the sentence was served in full and quashing the detainer. The trial court struck the motion for rehearing, concluding that it lacked jurisdiction to address the motion because Moore had filed a notice of appeal, therefore abandoning his motion for rehearing. This appeal followed.
We agree with the State that because Moore did not allege he was entitled to immediate release, he should have sought relief by filing a petition for writ of mandamus; furthermore, he should have named the Martin County Sheriffs Office as the proper party respondent. See Perkins v. State, 766 So.2d 1173, 1175 (Fla. 5th DCA 2000) (“Since [the defendant] ... alleged that he [wa]s entitled ... to removal of the detainer, his remedy, if any is proper, would appear to be mandamus ... filed in the circuit court having jurisdiction over the person who had lodged the de-tainer.”). We reverse the dismissal and remand for the trial court to treat the habeas petition as a petition for writ of mandamus. However, since Moore named the State as the respondent in his habeas petition, the sheriffs office had no opportunity to respond. Because his petition sufficiently alleged that the Martin County Sheriffs Office placed the detainer, on remand, the trial court is directed to issue an order to show cause to both the State and the sheriffs office as to why the petition should not be granted. See Jenkins v. State, 957 So.2d 20, 22-23 (Fla. 5th DCA 2007).

Reversed and Remanded with instructions.

STEVENSON, GERBER and CONNER, JJ., concur.

. "A detainer ... ‘is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent.' ” Gethers v. State, 838 So.2d 504, 507 (Fla.2003) (quoting Carchman v. Nash, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985)).