SALCINES, Judge.
James Stroman appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he claims that the imposition of a prison sentence partly concurrent with and partly consecutive to another prison sentence is illegal. We agree.
In 1989, Stroman entered guilty pleas in four separate cases to three charges of robbery and one charge of grand theft motor vehicle. He was sentenced to three concurrent fifteen-year habitual felony offender prison sentences for the robberies. For the grand theft, he was sentenced to five years in prison with three of those years concurrent with the concurrent fifteen-year habitual felony offender prison sentences, and two of those five years consecutive to the habitual felony offender sentences.
The Florida Supreme Court in Carter v. State, 786 So.2d 1173, 1181 (Fla.2001), held that a sentence being reviewed pursuant to a rule 3.800(a) motion is illegal if it imposes a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances. Previously, this court, in Butler v. State, 548 So.2d 780, 781 (Fla. 2d DCA 1989), held that a prison sentence imposed partly concurrent with and partly consecutive to another prison sentence is illegal since a prisoner has the right to serve a sentence at one stretch, rather than in bits and pieces. In that opinion, this court cited with approval the Fifth District Court of Appeal’s opinion in *1071 Rozmestor v. State, 381 So.2d 324 (Fla. 5th DCA 1980).
In Rozmestor, the Fifth District held that section 921.16(1), Florida Statutes (1979), permitted a court to impose either concurrent sentences or consecutive sentences but not a combination. Rozmestor, 381 So.2d at 326. Similarly, section 921.16(1), Florida Statutes (Supp.1988), authorized Stroman’s sentencing court only to impose either concurrent or consecutive prison sentences, but not a sentence part concurrent with and part consecutive to another prison sentence. There were no changes in the wording of section 921.16(1) between the 1979 and 1988 versions.
The Butler and Rozmestor opinions convince us that imposing a prison sentence that is part concurrent with and part consecutive to another prison sentence is a punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances. Under the definition of an illegal sentence adopted by the Florida Supreme Court in Carter, Stroman’s prison sentence for grand theft is an illegal sentence. In Stephens v. State, 627 So.2d 543, 544 (Fla. 2d DCA 1993), this court stated that a trial court cannot impose an illegal sentence even pursuant to a plea bargain. Therefore, Stroman must be resentenced for grand theft.
We note that Stroman appears to have been in prison for more than five years from the date of his original sentencing on the grand theft charge, which as a third-degree felony generally has a maximum sentence of five years in prison.
Accordingly, we reverse the order of the trial court with directions for the trial court to vacate Stroman’s sentence on the grand theft charge and to resentence Stro-man to five years in prison to be served concurrently with his habitual felony offender sentences with credit for the five years already served in prison on the grand theft charge. Stroman need not be present at the correction of his sentence. We find Stroman’s other claim on appeal to be without merit.
Reversed and remanded.
SILBERMAN and KELLY, JJ., concur.