DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARVIN BROADWAY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4260

[December 2, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ilona Holmes, Judge; L.T. Case No. 120016004CF10A.

Carey Haughwout, Public Defender, and Jonathan Dodson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his conviction and life sentence for the reclassified first-degree felony of attempted robbery with a non-discharged firearm while wearing a mask which concealed his identity. The defendant raises six arguments. We affirm on all arguments except for two arguments relating to the defendant's life sentence. On those two arguments, the defendant alleges the trial court erred in finding: (1) the habitual violent felony offender statute, section 775.084(1)(b), Florida Statutes (2012), mandated a life sentence; and (2) the 10-20-Life statute, section 775.087(2)(a), Florida Statutes (2012), also mandated a life sentence. We agree with those two arguments and reverse for resentencing.

In sentencing the defendant, the court stated:

Well, you know, this is always a sad day for this Court when I have to sentence someone that is young to an extended time in prison. But I do follow the law. I explained to [the

defendant] that I would have to follow the law if there was a conviction in this case.

. . . .

*If I had the discretion I would sentence him to something a lot less than the statutes require because of his age.  He is young. But I don't have that discretion. . . .*

. . . .

As to that only count in the information, the Court hereby sentences you, as a habitual violent felony offender, to life in Florida State Prison.  Under 10-20-Life, life in Florida State Prison, and as a prison releasee re-offender, 30 years, which is a minimum mandatory.

*Under the 10-20-Life sentence, that is mandatory life.  However it is mandatory under habitual violent felony offender.*  He is effectively doing a life sentence.  He is designated – it's one sentence, but he is qualified under all.  The Court has imposed those provisions of the statute.

(emphasis added).

After orally pronouncing the sentence, the court entered a written disposition order.  Page one of the order indicated that the court sentenced the defendant to life in prison, and page two of the order indicated that the court imposed the following "Special Conditions of Prison Sentence":

  X     Habitual Violent Offender mandatory minimum   Life  years
. . . .
  X     Prison Releasee Reoffender mandatory minimum  30   years
  X     Firearm mandatory minimum                Life  years

Five days after entering the written disposition order, the court sua sponte entered a corrected disposition order "as to page 2."  The corrected page two indicated that the court imposed the following "Special Conditions of Prison Sentence":

  X     Habitual Violent Offender mandatory minimum    0   years
. . . .
  X     Prison Releasee Reoffender mandatory minimum  30   years
  X     Firearm mandatory minimum                10   years

The defendant later filed a motion to correct sentencing error. In the motion, the defendant argued that the trial court misapprehended its discretion when sentencing him to a life sentence under the habitual violent felony offender statute and the 10-20-Life statute, while remarking it would sentence him to "something a lot less" if it had the discretion. According to the defendant, neither the habitual violent felony offender statute nor the 10-20-Life statute mandated a life sentence in this case.

The trial court, without comment, denied the defendant's motion to correct sentencing error. This appeal followed.

On the defendant's first argument that the habitual violent felony offender statute did not mandate a life sentence, the state acknowledges that "[w]hat the trial judge stated regarding the habitual violent [felony] offender statute appears to be incorrect when read literally." The state then properly cites case law for the proposition that sentencing under the habitual violent felony offender statute "is permissive, not mandatory." *Adams v. State*, 617 So. 2d 474, 474 (Fla. 4th DCA 1993).

We agree with the state's concession. *See* § 775.084(1)(b), Fla. Stat. (2012) ("'Habitual violent felony offender' means a defendant for whom the court *may* impose an extended term of imprisonment, as provided in paragraph (4)(b) . . . .") (emphasis added); § 775.084(4)(b)1., Fla. Stat. (2012) ("The court . . . *may* sentence the habitual violent felony offender as follows: . . . In the case of a life felony or a felony of the first degree, *for life, and such offender shall not be eligible for release for 15 years.*") (emphasis added).

On the defendant's second argument that the 10-20-Life statute did not mandate a life sentence, the state acknowledges that "when read literally, what the trial judge stated . . . regarding the 10-20-[L]ife statute is not correct."

We agree with the state's concession here too. *See* § 775.087(2)(a)1.c., Fla. Stat. (2012) ("Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for . . . [r]obbery . . . and during the commission of the offense, such person actually possessed a 'firearm' . . . *shall be sentenced to a minimum term of imprisonment of 10 years . . . .*") (emphasis added).

3

We acknowledge that the trial court's corrected disposition order "as to page 2" may have indicated the court's post-sentencing recognition that neither the habitual violent felony offender statute nor the 10-20-Life statute mandated a life sentence in this case. We also acknowledge that the court, after having corrected the disposition order, nevertheless denied the defendant's motion to correct sentencing error, thus perhaps indicating the court's intent to maintain the defendant's life sentence.

However, our acknowledgement of those events does not eliminate the fact that the trial court imposed the life sentence at a time when, at least according to the transcript, the court mistakenly indicated it had no discretion but to impose a life sentence, just immediately after stating: "If I had the discretion I would sentence him to something a lot less than the statutes require because of his age."

Based on the foregoing, we remand for resentencing so that the trial court may exercise its sentencing discretion with the express understanding that neither the habitual violent felony offender statute nor the 10-20-Life statute mandates a life sentence in this case. *See, e.g., Goldwire v. State*, 73 So. 3d 844, 846 (Fla. 4th DCA 2011) ("[W]here the record suggests that the trial court mistakenly believed it had no discretion . . . to sentence appellant, the case should be remanded for the trial court [to] exercise its sentencing discretion and consider all sentencing alternatives.") (alterations in original; citation and internal quotation marks omitted).

As the defendant acknowledges, however, the court is required to resentence the defendant as a habitual violent felony offender in some manner which exceeds the thirty-year mandatory minimum sentence as a prison release reoffender. *See Johnson v. State*, 927 So. 2d 251, 252 (Fla. 2d DCA 2006) ("[I]f the incarceration portion of an HFO sentence does not exceed the PRR sentence, the sentences violate the PRR.").

*Affirmed in part, reversed in part, and remanded for resentencing.*

CIKLIN, C.J., and GROSS, J., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

4