TAYLOR, J.
Appellant, Leonard Pitts, appeals his conviction and sentence for first degree murder with a firearm. We affirm appellant’s conviction, concluding that the un-preserved evidentiary issues do not rise to the level of fundamental error and do not demonstrate ineffective assistance of counsel on the face of the record. However, because the trial court misapprehended its sentencing discretion, we reverse and remand for resentencing.
At sentencing, the trial court initially stated that appellant would be sentenced to life in prison, with a mandatory minimum of 25 years under the 10/20/Life statute. However, based upon the prosecutor’s representation that the mandatory minimum sentence under the 10/20/Life statute had to be coextensive with the underlying sentence, the trial court ultimately sentenced appellant to life in prison, with a mandatory minimum term of life under the 10/20/Life statute.[1]
Appellant filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2), arguing that the trial court misapprehended its sentencing discretion and was not required to impose a mandatory minimum sentence of life in prison under section 775,087(2)(a)3, Flori *884 da Statutes (2011). The trial court denied the motion.
On appeal, appellant again argues that the trial court erroneously believed it did not have discretion to sentence him to a mandatory minimum term of less than life in prison under the 10/20/Life statute. We agree.
The standard of review applicable to a trial court’s order on a motion to correct sentencing error is de novo. Willard v. State, 22 So.3d 864, 864 (Fla. 4th DCA 2009).
Resentencing is warranted where the defendant received a legal sentence, but the trial court misapprehended its sentencing discretion under the relevant statutes. See, e.g., Colletta v. State, 126 So.3d 1090, 1091 (Fla. 4th DCA 2012) (“[T]his court has remanded for resentencing where the defendant received a legal sentence but the trial court failed to exercise the discretion it had under the statutes.”).
Here, the issue is not whether the trial court imposed a legal sentence. Appellant’s sentence of life in prison for first degree murder, with a minimum mandatory of life under the 10/20/Life statute, was undoubtedly a legal sentence. See Graham v. State, 160 So.3d 108, 109 (Fla, 4th DCA 2016); Clowers v. State, 31 So.3d 962, 966 (Fla. 1st DCA 2010).
Rather, the issue is whether the trial court had the discretion to impose a mandatory minimum sentence of 25 years in prison under the 10/20/Life statute, even though appellant was receiving a mandatory life sentence under section 775.082(1), Florida Statutes (2011). Although this issue is largely academic in terms of the practical effect on appellant’s liberty, a careful review of the 10/20/Life statute confirms that the trial court could have sentenced appellant to life in prison, with a 25-year mandatory minimum sentence pursuant to the 10/20/Life statute.
Section 775.087(2)(a), Florida Statutes (2011), commonly known as the 10/20/Life statute, sets forth the minimum penalties for defendants convicted of enumerated offenses where the defendant has possessed or discharged a firearm.
If, during the course of the commission of an enumerated felony for which a person is later convicted, the- convicted person discharged a firearm “and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.” § 775.087(2)(a)3., Fla. Stat. (2011) (emphasis added). Stated another way, “under section 775.087(2)(a)(3), the trial court has discretion to impose a mandatory minimum within the range of twenty-five years to life.” Mendenhall v. State, 48 So.3d 740, 750 (Fla.2010).
Moreover, the plain language of section 775.087(2)(c) states: “If the mandatory minimum terms of imprisonment pursuant to this section are less than the sentences that could be imposed as authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the sentence imposed by the court must include the mandatory minimum term of imprisonment as required in this section.” § 775.087(2)(c), Fla. Stat. (2011).
Accordingly, the 10/20/Life statute “cleaiiy expresses the Legislature’s intent” that a 10/20/Life sentence “be imposed concurrently even where another statutory sentence is greater.” McDonald v. State, 957 So.2d 605, 610 (Fla.2007) (emphasis added).
Contrary to the State’s argument, the 10/20/Life statute specifically authorizes a *885 trial court to impose a mandatory minimum sentence under the 10/20/Life statute that is less than the mandatory minimum sentence otherwise required by another sentencing statute. In this case, because appellant was convicted of a capital offense and did not receive the death penalty, the trial court was required to sentence appellant to life imprisonment without the possibility of parole. See § 775.082(1), Fla. Stat. (2011). But the trial court was also required to impose a concurrent mandatory minimum sentence under the 10/20/Life statute, even if the 10/20/Life sentence was less than the sentence to be imposed under section 775.082(1). Here, the 10/20/Life statute authorized the trial court to sentence appellant within the range of 25 years to life under section 775.087(2)(a)3. Thus, while the trial court was required to sentence appellant to life in prison under section 775.082(1), the trial court had the discretion to impose a 25-year sentence as the concurrent mandatory minimum sentence under the 10/20/Life statute. ■ ■ ; ■ '
In sum, because the trial court erroneously believed it did not have discretion to sentence appellant to a mandatory minimum term of less than life in prison under the 10/20/Life statute, we reverse and remand for resentencing.

Affirmed in part, Reversed in part, and Remanded.

WARNER and GROSS, JJ., concur.

. Although neither the prosecutor nor the trial court cited any case law to support this conclusion, they may have been misapprehending this court’s holding in Wiley v. State, 125 So.3d 235, 241 (Fla. 4th DCA 2013), wherein we stated: "[W]hile a trial judge may sentence a defendant pursuant to [section 775.087(2)(a)3.] to a mandatory minimum sentence between twenty-five years to life, the trial judge may give a sentence over the mandatory minimum selected only if 'authorized bylaw.’ ”