# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-663
_____

GREGORY L. MATTOX JR.,

　　Appellant,

　　v.

STATE OF FLORIDA,

　　Appellee.

_____

On appeal from the Circuit Court for Duval County.
Tatiana Salvador, Judge.

July 22, 2019

LEWIS, J.

Appellant, Gregory L. Mattox, Jr., appeals his judgment and sentences for two counts of armed robbery, raising three arguments on appeal, only one of which merits discussion. Appellant argues, and we agree, that the trial court erred in finding that it was required to run Appellant's twenty-five-year sentences on the armed robbery offenses consecutively to his fifteen-year sentence in his violation of probation ("VOP") case as opposed to running only his two minimum mandatory ten-year terms on the armed robbery offenses consecutively to the VOP sentence. For the following reasons, we reverse Appellant's sentences and remand for resentencing.

## Factual History

The State charged Appellant with two counts of armed robbery, which allegedly occurred in June of 2007. Appellant was found guilty in 2009. The trial court sentenced him on both counts to "25 years Florida State Prison, with a 10 year minimum mandatory," with the sentences to run concurrently. These sentences were to run concurrently with a VOP case in which Appellant was sentenced at the same time to fifteen years' imprisonment. We subsequently reversed Appellant's armed robbery convictions based upon a trial error and remanded for further proceedings. *See Mattox v. State*, 56 So. 3d 895 (Fla. 1st DCA 2011).

On retrial, the jury found Appellant guilty as charged, specifically finding that he carried and possessed a firearm during the commission of the robberies. During the sentencing hearing, the prosecutor requested a thirty-five-year sentence. The trial court stated, "The minimum mandatories have to run consecutive, as I understand it." After affirmatively responding, the prosecutor stated, "The min mans are required to run consecutive to each other and to any other sentence that's imposed." The trial court later set forth:

> I'm going to adjudicate you guilty of each of those offenses and sentence you on each count to 25 years Florida State Prison, with the required 10 year minimum mandatory sentences as to each count and the 10 year minimum mandatory sentences will run consecutive, as they are required to do under the law, and pursuant to Section 775.087 of Section (3)d, run consecutive to the 15 years that you received in your violation of probation case . . . .

In response to the prosecutor's question of whether the court was running each count consecutively, the trial court stated, "The counts are not running consecutive to each other. The minimum mandatories I'm running consecutive to each other, but I'm running that full sentence consecutive to the violation of probation." When the prosecutor asked, "So 40 years with a 20 year minimum mandatory, 25 with a 15," the court replied, "Yes."

While his appeal was pending, Appellant filed a Motion to Correct Sentencing Error, arguing that the trial court erred in running the ten-year minimum mandatory terms consecutively to one another and in running the twenty-five-year sentences, as opposed to just the minimum mandatory terms, consecutively to the fifteen-year VOP sentence. In the Order Granting in Part and Denying in Part Defendant's Motion to Correct Sentencing Errors, the trial court agreed with Appellant's first argument and ordered the clerk to enter an amended judgment and sentence to "reflect that the ten-year mandatory minimum term of imprisonment for Counts One and Two will run concurrently."

As to what it considered ground two of Appellant's motion, the trial court set forth:

> Defendant contends the Court, in determining it had no discretion, imposed an illegal sentence in ordering his sentences in the instant case to run consecutively to his fifteen-year sentence . . . . Alternatively, Defendant contends the Court, in determining it had no discretion, imposed an illegal sentence in ordering his sentences in the instant case, as opposed to only the ten-year mandatory minimum portions of the sentences, to run consecutively to his fifteen-year sentence . . . .
>
> Defendant's position is without merit as section 775.087(2)(d) requires consecutive sentencing for Defendant's separate felonies. This section provides:

> > It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. *The court **shall** impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.*

3

§ 775.087(2)(d) (emphasis added). As written, paragraph (2)(d) contemplates two distinct imprisonment terms: a term imposed for a qualifying felony pursuant to subsection (2), and a term imposed for a non-qualifying felony. This paragraph "expressly mandates . . . that a qualifying felony sentence run 'consecutively to' any sentence imposed for a non-qualifying felony." . . .

In the instant case, Defendant was sentenced to concurrent terms of twenty-five years' imprisonment for his Armed Robbery convictions. . . . In Case 2393, Defendant was sentenced to a term of fifteen years' imprisonment for Possession of a Firearm by a Juvenile Delinquent Found to Have Committed a Felony Act. The offense of armed robbery is a "qualifying" offense as it is specifically listed in the 10-20-Life statute. . . . Conversely, "the offense of possession of a firearm by a delinquent is not specifically listed in the 10-20-Life statutes as one for which a court is authorized to impose a minimum mandatory sentence," making it a "non-qualifying" offense. . . . Thus, the Court was required to run the sentences consecutively. . . .

Defendant's alternative argument is also without merit. Essentially, Defendant argues the Court could have sentenced [him] as follows: to twenty-five years in this case, to run concurrently to the fifteen years in Case 2393, with the ten-year mandatory minimums to run consecutively to the fifteen years. However, "imposing a prison sentence that is part concurrent with and part consecutive to another prison sentence is a punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." . . . . It is also error for a sentence to be structured so that the defendant "serves the mandatory sentence at the end of his total prison term." . . . . Thus, since the Court was required to run Defendant's mandatory minimum sentence in the instant case consecutively to his fifteen-year sentence in Case 2393, the Court also did not have discretion to run the balance

4

of his twenty-five-year sentences concurrently to his fifteen-year sentence.

This appeal followed.

## Analysis

Appellant claims that the trial court erred in determining that it had to run his twenty-five-year sentences consecutively to his fifteen-year VOP sentence as opposed to running only the ten-year minimum mandatory terms consecutively to the VOP sentence. Motions to correct sentencing errors involve purely legal issues that are reviewable de novo. *Ray v. State*, 68 So. 3d 346, 347 (Fla. 1st DCA 2011). Resentencing is warranted where a defendant received a legal sentence but the trial court misapprehended its sentencing discretion under the relevant statutes. *Pitts v. State*, 202 So. 3d 882, 884 (Fla. 4th DCA 2016).

Appellant's argument requires us to analyze section 775.087, Florida Statutes, commonly referred to as the "10/20/Life" statute. When construing a statute, courts must strive to effectuate the Legislature's intent. *Kasischke v. State*, 991 So. 2d 803, 807 (Fla. 2008). To determine intent, courts must look first to the statute's plain language. *Id.* If a statute is clear and unambiguous, courts will not look behind the plain language. *Id.*

Section 775.087(2)(a)1, Florida Statutes (2006), requires a minimum mandatory sentence of ten years' imprisonment if a defendant committed an enumerated offense and the person possessed a firearm or destructive device. Subsection (2)(a)2. provides for a twenty-year minimum term of imprisonment where a firearm or destructive device is discharged, and subsection (2)(a)3. provides for a term of imprisonment of not less than twenty-five years and not more than life imprisonment where a firearm or destructive device is discharged and causes death or great bodily harm. Subsection (2)(d) sets forth:

> It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to

5

this subsection shall be imposed for each qualifying felony count for which the person is convicted. *The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.*

(Emphasis added). The supreme court has explained that subsection (2)(d) "contemplates two distinct imprisonment terms: a term imposed for a qualifying felony pursuant to subsection (2), and a term imposed for a non-qualifying felony" and that "[t]he last sentence of paragraph 2(d) further delineates the manner in which these distinct imprisonment terms are to be served in relation to one another" by "expressly mandat[ing] only that a qualifying felony sentence run 'consecutively to' any sentence imposed for a non-qualifying felony." *Williams v. State*, 186 So. 3d 989, 992 (Fla. 2016).

The trial court relied upon *Williams* in determining that it was required to run the concurrent twenty-five-year sentences it imposed for the armed robbery offenses consecutively to the fifteen-year sentence in Appellant's VOP case, as opposed to only running the ten-year minimum mandatory terms consecutively to that sentence. However, while *Williams* supports the court's determination that Appellant's VOP offense was a non-qualifying offense pursuant to section 775.087(2)(d), *Williams* does not support the court's position that it had no discretion to run "the balance" of Appellant's twenty-five-year sentences concurrently to the VOP sentence.

As Appellant contends, the plain language of subsection (2)(d) speaks to "any term of imprisonment provided for *in this subsection.*" The only terms of imprisonment provided for in subsection (2) are minimum mandatory terms. Importantly, section 775.087(2)(b) provides that a court is not "prevent[ed] . . . from imposing a longer sentence of incarceration as authorized by law in addition to the minimum mandatory sentence." Section 775.087(2)(c) sets forth in part that if the "mandatory minimum terms of imprisonment pursuant to this section are less than the sentences that could be imposed as authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code . . . then the sentence imposed by the court must include the mandatory minimum term

6

of imprisonment as required in this section." While the trial court imposed ten-year minimum mandatory terms under the 10/20/Life statute for Appellant's armed robbery offenses, as it was required to do, it sentenced him to an overall twenty-five-year sentence on both offenses. Appellant is correct that nothing in section 775.087(2)(d) expressly prohibits the non-minimum mandatory component of a sentence to run concurrently to a non-qualifying sentence. Indeed, when the prosecutor asked below, "Do the sentences run consecutive or just the min mans," the trial court replied, "No, I believe it's the minimum mandatories that run consecutively." The prosecutor later stated, "The min mans are required to run consecutive . . . to any other sentence that's imposed." In the order on appeal, the trial court recognized such by setting forth in part, "[T]he Court was required to run Defendant's mandatory minimum sentences in the instant case consecutively to his fifteen-year sentences [in the VOP case]."

Notwithstanding its recognition of what section 775.087(2)(d) required, the trial court reasoned that because it had to run the minimum mandatory terms consecutively to the VOP sentence, it "did not have discretion to run the balance of [appellant's] twenty-five-year sentences concurrently to his fifteen-year sentence." In reaching this conclusion, the trial court relied upon *Stroman v. State*, 837 So. 2d 1070, 1070 (Fla. 2d DCA 2003), where the appellant was sentenced to three concurrent fifteen-year habitual felony offender sentences for robberies and to five years for a grand theft offense. On the grand theft offense, the trial court sentenced the appellant to "five years in prison with three of those years concurrent with the concurrent fifteen-year habitual felony offender prison sentences, and two of those five years consecutive to the habitual felony offender sentences." *Id.* The Second District held that "imposing a prison sentence that is part concurrent with and part consecutive to another prison sentence is a punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." *Id.* at 1071.

We disagree with the trial court's reasoning and find its reliance upon *Stroman* to be misplaced. Had the trial court not been required to impose minimum mandatory terms on Appellant's armed robbery offenses, then, as the court reasoned, it

7

would not have been permitted to run portions of the twenty-five-year sentences both concurrently and consecutively to another sentence. However, section 775.087, which, as stated, expressly contemplates a potential sentence that exceeds a minimum mandatory term of imprisonment, mandates that any required minimum mandatory term run consecutively to any other term of imprisonment imposed for a non-qualifying offense. In *Pitts v. State*, 202 So. 3d 882, 884 (Fla. 4th DCA 2016), the Fourth District addressed the issue of whether the trial court had the discretion to impose a minimum mandatory sentence of twenty-five years under section 775.087 even though the appellant was receiving a mandatory life sentence under another statute. The trial court, based upon the State's representation that the minimum mandatory sentence had to be coextensive with the underlying sentence, sentenced the appellant to life imprisonment with a minimum mandatory term of life. *Id.* at 883. In reversing, the Fourth District cited *McDonald v. State*, 957 So. 2d 605 (Fla. 2007), for the proposition that the 10/20/Life statute "'clearly expresses the Legislature's intent' that a 10/20/Life sentence 'be imposed concurrently *even where another statutory sentence is greater*.'"[*] The Fourth District, after noting that the trial court was required to sentence the appellant to life imprisonment without the possibility of parole, set forth, "But the trial court was also required to impose a concurrent mandatory minimum sentence under the 10/20/Life statute, even if the 10/20/Life sentence was less than the sentence to be imposed under section 775.082(1)." *Id.*

Here, the trial court chose to sentence Appellant to twenty-five years' imprisonment on the armed robbery offenses pursuant to section 775.082. It was required, however, pursuant to the 10/20/Life statute to include what has been described both in *McDonald* and *Pitts* as a "concurrent" minimum mandatory term on both offenses. Ordering only the ten-year minimum mandatory terms, as opposed to the twenty-five-year sentences, to run consecutively to Appellant's VOP sentence would not cause Appellant to serve his sentences in fragmented bits and pieces.

---

[*] In making this statement, the supreme court cited to section 775.087(2)(c). *See McDonald*, 957 So. 2d at 610.

Instead, doing so would comport with the requirements of the 10/20/Life statute.

With that said, we do agree with the trial court that it would have been error to structure the sentences so that Appellant would serve the minimum mandatory terms at the end of his total prison term. Section 775.087(2)(b) provides in part that a "defendant is not eligible for statutory-gain time under s. 944.275 or any form of discretionary early release, other than pardon or executive clemency, or conditional medical release . . . prior to serving the minimum sentence." *See also Pioquinto v. State*, 656 So. 2d 552, 553 (Fla. 2d DCA 1995) (holding that it was error for the appellant's sentences to be structured so that he would serve the mandatory sentence at the end of his prison term because it deprived the appellant of the possible benefit of control release on the nonmandatory portion of his sentence). We see no reason though why the trial court could not structure the sentences so that Appellant would serve his ten-year concurrent minimum mandatory terms prior to serving his fifteen-year VOP sentence. *See Daniels v. State*, 664 So. 2d 366, 366 (Fla. 3d DCA 1996) (noting that the trial court imposed a seven-year sentence with a minimum mandatory sentence of three years to be served consecutively to a seven-year sentence with no minimum mandatory portion and that the State conceded that the sentence with the minimum mandatory provision should have been ordered to be served first).

## Conclusion

In conclusion, while we affirm Appellant's armed robbery convictions, we reverse his sentences based upon the trial court's erroneous determination that it had no discretion to impose only the ten-year minimum mandatory terms consecutively to his fifteen-year VOP sentence. The case is remanded for resentencing.

AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.

B.L. THOMAS and ROBERTS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Matthew R. McLain of McLain Law, P.A., Longwood, for Appellant.

Ashley Moody, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.