DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER LAMAR SOLS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-763

[January 20, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joseph A. Murphy, III, Judge; L.T. Case No. 14-009630CF10A.

Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Allan R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Christopher Lamar Sols appeals his judgment of conviction and sentence for second-degree murder with possession and discharge of a firearm causing death. We affirm Sols' conviction without comment regarding the issues he raised. However, we agree with Sols that the trial court misapprehended its discretion in imposing what it believed to be a mandatory life sentence for the crime under the 10-20-Life statute, section 775.087, Florida Statutes (2018). We therefore reverse his sentence and remand the case for a new sentencing hearing.

After the jury returned its guilty verdict and was dismissed, the following discussion ensued:

> [THE COURT]: Is there any reason why a sentence shouldn't be pronounced now or do you need some time to set it for a sentencing hearing? I don't know exactly how you want to do it. My understanding is that this is a mandatory sentence of – Is he entitled to some type of pre-sentence investigation report ["PSI report"] or something along those lines? I'm not aware of that.
>
> . . . .

[DEFENSE COUNSEL]: So, the technical answer to that would be yes. But the first part of the Court's query is also accurate that it is a mandatory minimum sentence pursuant to statute.

. . . .

[THE COURT]: Is he entitled to [a PSI report]?

[DEFENSE COUNSEL]: I believe he is, Judge.

. . . .

[THE COURT]: Thank you. Well, it's – My understanding is that sentence is not discretionary. So, I don't know what [the PSI report] matters, to be candid with you.

The trial court set sentencing for a later date. At the sentencing hearing, after the trial court adjudicated Sols guilty of second-degree murder and confirmed that the jury found that Sols possessed, carried, and discharged a firearm during the crime, the following exchange occurred:

[THE COURT]: The sentence is life in prison, correct?

[THE STATE]: Yes, Your Honor.

[DEFENSE COUNSEL]: It is, Judge.

[THE COURT]: So you're sentenced to life in prison, Mr. Sols. Good luck. You have 30 days to appeal.

Sols subsequently moved to correct his sentence under Florida Rule of Criminal Procedure 3.800(b)(2) alleging that the trial court was under the mistaken impression that it had no discretion but to sentence Sols to life in prison. The trial court did not rule on the motion within sixty days and it was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B). This proceeding followed.

"The standard of review applicable to a trial court's order on a motion to correct sentencing error is de novo." *Pitts v. State*, 202 So. 3d 882, 884 (Fla. 4th DCA 2016).

Second-degree murder is a felony of the first degree, which is "punishable by imprisonment for a term of years not exceeding life." § 782.04(2), Fla. Stat. (2018). Second-degree murder is reclassified from a first-degree felony to a life felony, if "during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use . . . [a] firearm." § 775.087(1), Fla.

2

Stat. (2018). The statute that authorizes this reclassification is commonly known as the 10-20-Life statute. *See Pitts*, 202 So. 3d at 884. Under the 10-20-Life statute, if a firearm is discharged and "as the result of the discharge, death or great bodily harm is inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison." § 775.087(2)(a)3., Fla. Stat. (2018). The Florida Supreme Court has interpreted this to mean that the trial court has discretion "to impose a mandatory minimum of twenty-five years to life." *Mendenhall v. State*, 48 So. 3d 740, 742 (Fla. 2010).

Citing to these relevant statutes and case law, Sols argues that although his sentence had to be at least twenty-five years in prison, it could have been anywhere between that and a term of life in prison. On this point, *Pitts* is instructive. In *Pitts*, the defendant was convicted of first-degree murder with a firearm. 202 So. 3d at 883. At sentencing, the court stated that the defendant would be sentenced to life in prison under section 775.082(1), Florida Statutes (2011), with a mandatory minimum of twenty-five years under the 10-20-Life statute. *Id.* at 883-84. However, after the prosecutor stated that the defendant's sentence under the 10-20-Life statute had to be the same as his sentence under section 775.082, the trial court sentenced the defendant to life in prison with a mandatory minimum of life under the 10-20-Life statute. *Id.* at 883.

On appeal, the defendant argued that the trial court misapprehended its discretion "to sentence him to a mandatory minimum of less than life in prison under the 10-20-Life statute." *Id.* at 884. This court agreed and reversed and remanded the case for resentencing. *Id.* at 885. We noted that while the defendant's sentence was legal, resentencing was warranted because the trial court "misapprehended its sentencing discretion under the relevant statutes." *Id.* at 884; *see Broadway v. State*, 179 So. 3d 560, 562 (Fla. 4th DCA 2015) (trial court erred in finding that the 10-20-Life statute mandated a life sentence). Finally, we confirmed that while the trial court had no discretion in deciding whether to sentence the defendant under the 10-20-Life statute (because he possessed and discharged a firearm during the commission of an enumerated felony), the minimum mandatory sentence under that statute could have been anywhere from twenty-five years to life. *Pitts*, 202 So. 3d at 884-85; *see also Mendenhall*, 48 So. 3d at 742 (same); *Broadway*, 179 So. 3d at 562 (same).

Therefore, we agree with Sols that the trial court erred in concluding a life sentence was mandatory under the statute, and remand for a new sentencing hearing. Although Sols will still be subject to a life sentence under the 10-20-Life statute at re-sentencing, a new hearing is required "so that the trial court may exercise its sentencing discretion with the express understanding that" the statute *permits* but does not *mandate* a life sentence. *See Broadway*, 179 So. 3d at 562.

3

*Affirmed in part, reversed in part and remanded for re-sentencing.*

DAMOORGIAN and GERBER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**