DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAYMOND LILLARD, III,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-1412

[March 6, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 2009CF003799A.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Raymond Lillard, III, challenges a judgment determining that he violated his probation by committing a new offense, the accompanying sentence, and an order denying his Florida Rule of Criminal Procedure 3.800(b) motion to correct sentencing errors. We affirm but remand for the correction of certain omissions and one error in the written judgment.

"The standard of review applicable to a trial court's order on a motion to correct sentencing error is de novo." *Pitts v. State*, 202 So. 3d 882, 884 (Fla. 4th DCA 2016).

First, the trial court erred by failing to make written findings as to whether or not Lillard poses a danger to the community as required by section 948.06(8)(e), Florida Statutes (2008). Lillard concedes that he qualifies as a violent felony offender of special concern (VFOSC) pursuant to section 948.06(8)(b)3., Florida Statutes (2008). Below, the state filed a notice stating that Lillard qualified as a VFOSC, and Lillard's Criminal Punishment Code Scoresheet assessed points for his status as a VFOSC.

Per section 948.06(8)(e), if a trial court determines that a VFOSC has committed a violation of probation other than a failure to pay fines, costs, or restitution, the trial court "shall . . . [m]ake written findings as to whether or not the violent felony offender of special concern poses a danger to the community." § 948.06(8)(e)1., Fla. Stat. (2008). "[T]he written findings requirement of section 948.06(8)(e) is mandatory, not discretionary." *Reed v. State*, 276 So. 3d 31, 35 (Fla. 4th DCA 2019) (alteration in original) (quoting *Barber v. State*, 207 So. 3d 379, 384 (Fla. 5th DCA 2016)).

Because Lillard qualified as a VFOSC, the trial court was required to make written findings as to whether he poses a danger to the community.

Second, the violation of probation judgment erroneously indicates Lillard admitted that he violated his probation. The state concedes the judgment should be corrected to reflect that Lillard was found guilty of the violation of probation, and we agree that the judgment must be corrected. *See, e.g., McCray v. State*, 282 So. 3d 158, 162 (Fla. 2d DCA 2019).

Accordingly, we affirm the revocation of the defendant's probation and the resulting sentence, but remand for the inclusion of written findings in the judgment that the defendant, as a violent felony offender of special concern, poses a danger to the community. If the record provides the information allowing the trial court to enter such written findings, it shall not be necessary for the trial court to conduct a further hearing. *Arnone v. State*, 204 So. 3d 556, 557–58 (Fla. 4th DCA 2016). The trial court also shall correct the judgment to reflect that Lillard was found guilty of the violation of probation. We affirm with respect to all other arguments raised.

*Affirmed and remanded with instructions.*

DAMOORGIAN, CIKLIN and GERBER, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

2