DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK DEREFAKA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2041

[August 13, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 17-008308CF10A.

Daniel Eisinger, Public Defender, and Devin Johnson, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Anesha Worthy, Senior Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant Mark Derefaka appeals his convictions and sentences for several crimes following a bifurcated jury trial. In the trial's first phase, the jury found that Appellant was guilty on count I for attempted first-degree murder, not guilty on count II for attempted felony murder, and guilty of assault on count III as a lesser included offense of robbery with a firearm. In the second phase, the jury returned a guilty verdict on count IV for possession of a firearm by a convicted felon.

Although Appellant raises five issues on appeal, we find merit only in his claim that the trial court erred by failing to give him credit for time served on the attempted first-degree murder charge. The State concedes error on this point, and we agree.

After trial, Appellant filed two separate Florida Rule of Criminal Procedure 3.800(b)(2) motions to correct sentencing errors. Appellant's first motion requested that the trial court award him 2,207 days of jail credit on count I. The trial court did not rule on the motion within sixty days, and thus it was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

"The standard of review applicable to a trial court's order on a motion to correct sentencing error is de novo." *Pitts v. State*, 202 So. 3d 882, 884 (Fla. 4th DCA 2016) (citing *Willard v. State*, 22 So. 3d 864, 864 (Fla. 4th DCA 2009)).

Pursuant to section 921.161(1), Florida Statutes (2017), "the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence." Here, the court imposed concurrent sentences as to each count and gave Appellant jail credit for counts III and IV, but failed to grant jail credit for count I. As we expressed in *Ransone v. State*, 20 So. 3d 445, 448 (Fla. 4th DCA 2009), "[i]f concurrent sentences are imposed on multiple offenses, then jail time must be credited for the time awaiting sentencing *as to each concurrent sentence.*" (Emphasis added).

Accordingly, the State properly concedes error on this point. Appellant is entitled to receive the same amount of jail credit on count I as he received on count IV—2,207 days. We remand for the trial court to correct this scrivener's error nunc pro tunc from the sentencing date to ensure the written sentence conforms to both the trial court's oral pronouncement and section 921.161(1). *Devlin v. State*, 224 So. 3d 803, 804 (Fla. 2d DCA 2017). Appellant does not need to be present for this ministerial correction. *Id.*; *see also Jordan v. State*, 143 So. 3d 335, 339 (Fla. 2014) ("[R]esentencing a defendant in his absence will be harmless where it involves only a ministerial act." (citing *Orta v. State*, 919 So. 2d 602, 604 (Fla. 3d DCA 2006))). We affirm without comment on all other issues raised.

*Affirmed in part, reversed in part and remanded.*

MAY and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***